[Civ. No. 34188. First Dist., Div. Four. July 29, 1974.]

J. HAYWOOD DABNEY et al., Cross-complainants and Appellants, v. DAVE SHIPPEY et al., Cross-defendants and Respondents.

COUNSEL

Von Herzen, Catlin, Reinjohn & Clements and Richard G. Reinjohn for Cross-complainants and Appellants.

Brobeck, Phleger & Harrison, Robert S. Daggett and Norman P. Adler for Cross-defendants and Respondents.

OPINION

CHRISTIAN, J.—J. Haywood Dabney and Faith Dabney appeal from an order striking the cross-complaint by which they sought to intervene in this action. We affirm the order.

Four of the five former shareholders in Siesta Recreation Vehicles, Inc. (hereinafter "plaintiffs") commenced an action against Di Giorgio Corporation and some of its subsidiaries and executives (hereinafter jointly "respondents"), alleging that they and appellant J. Haywood Dabney were the five stockholders in Siesta Recreation Vehicles, Inc., that they and appellant had sold their stock to a subsidiary of Di Giorgio Corporation to effect a planned merger, and that the transfer had been induced by respondents' fraud.

In April 1973, appellant J. Haywood Dabney and his counsel met with plaintiffs' counsel and agreed that Dabney and his wife (hereinafter "appellants") would enter the case by accepting service as defendants designated by fictitious names. Appellants answered, denying the allegations of the complaint "as to themselves only" and otherwise "affirm[ed] and reallege[d] the allegations." At the same time, they filed a cross-complaint naming respondents as cross-defendants. In the cross-complaint, appellants made essentially the same allegations made by plaintiffs in the complaint.

Respondents moved to strike the cross-complaint, urging inter alia that the cross-complaint was a sham designed to let appellants join the action as plaintiffs even though any claim they might have against respondents was barred by the statute of limitations.

■ Appellants contend that they were entitled under section 428.10 of the Code of Civil Procedure,[1] to file a cross-complaint. The issue is thus presented, whether (in the words of the statute) appellants were parties

---

[1] Code Civil Procedure section 428.10. "A party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint. . . ."

"against whom a cause of action has been asserted in a complaint or cross-complaint . . . ." Plaintiffs did allege that, after the sale, respondents and appellant J. Haywood Dabney made numerous changes in the operations and management of the company to plaintiffs' detriment. But the mere fact that appellants were mentioned by name in the complaint does not establish that a cause of action was asserted against them. The references to Dabney did not amount to a cause of action for fraud. (See 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, §§ 314, 315, 319, pp. 264-265, 268-269.) On the contrary, the fact that Dabney was mentioned in the complaint but not as a joined defendant supports the conclusion that plaintiffs did not assert a cause of action against him.

Appellants argue that they are parties against whom a cause has been asserted in the complaint in that they are two of the fictitious defendants mentioned in the complaint as "participants and co-conspirators in the fraud, deceit and misrepresentations." Section 474 of the Code of Civil Procedure provides that "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceedings must be amended accordingly." The purpose of the statute is to permit a plaintiff to commence an action and toll the statute of limitations even if he is unaware of the identity of the defendant. (*Motor City Sales* v. *Superior Court* (1973) 31 Cal.App.3d 342, 345 [107 Cal.Rptr. 280].) It has been held that section 474 applies in situations in which the plaintiff knew the name of a defendant on filing his complaint but not the facts giving rise to a cause of action against the defendant (e.g., *Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 520 [41 Cal.Rptr. 895]; also see *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133, 139 [30 Cal.Rptr. 650]; see generally 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 368, pp. 2030-2032).

Here it appears from the complaint (and specifically, the sales agreement attached to the complaint as an exhibit) that plaintiffs knew appellants' names at the time of filing the complaint. (See *Lipman* v. *Rice* (1963) 213 Cal.App.2d 474, 478-480 [28 Cal.Rptr. 800].) The record contains nothing showing that plaintiffs, after filing their complaint, discovered new facts or conceived a new legal theory supporting a cause of action against appellants. Therefore, section 474 does not support appellants' argument. (See *Mercantile T. Co.* v. *Stockton etc. Co.* (1919) 44 Cal.App. 558, 561 [186 P. 1049].) Since appellants were not properly brought into the action as defendants, they had no basis for filing a cross-complaint

against respondents. (*Schlake* v. *MacConnell* (1924) 69 Cal.App. 207, 209-210 [230 P. 974].)

Respondents did not move to strike appellants' answer. Instead, they moved to strike the cross-complaint, which asserted a cause of action against them. Respondents had standing to move to strike the cross-complaint. (Code Civ. Proc., § 435.) In support of their motion, they properly asserted that the requirements of section 474 had not been met in that appellants were not parties "against whom a cause of action ha[d] been asserted." (See *Linday* v. *American President Lines, Ltd.* (1963) 214 Cal. App.2d 146, 148-149 [29 Cal.Rptr. 465, 5 A.L.R.3d 866].)

Appellants assert that they are indispensable parties to the action and that, as such, they are entitled to appear by cross-complaint. But a judgment that effectively resolves all the issues raised by the complaint may be achieved without appellants' presence as parties; they are simply potential plaintiffs who may have claims similar to those of the actual plaintiffs. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, §§ 133, 136, pp. 1805, 1809.)

The order striking the cross-complaint is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.