[Civ. No. 3982. Fifth Dist. Nov. 29, 1979.]

REX ANDERSON, Plaintiff and Appellant, v.
ANDREW BROUWER et al., Defendants and Respondents.

COUNSEL

Richard C. Sinclair, Panos Lagos and Brian Davis for Plaintiff and Appellant.

Dan W. Lacy and Michael Dunn for Defendants and Respondents.

OPINION

BROWN (G. A.), P. J.—Rex Anderson appeals from a judgment of dismissal entered upon sustaining demurrers to his amended complaint without leave to amend on the ground that the complaint was barred by the statute of limitations.

On June 5, 1967, appellant entered into a written contract with defendant and respondent James Shade, an architect who designed and supervised the work of constructing an addition to a dental office. On April 25, 1968, he entered into a written contract with defendant and respondent Brouwer Brothers, a contractor, to perform the work of construction.

The amended complaint alleged that the construction was completed in February 1970. The original complaint against respondents was filed in September 1977, seven years and seven months after the alleged date of completion. The gravamen of the complaint is for damages arising

from breach of contract, negligent performance of contractual duties, and breach of warranty which resulted in defects in the construction of the second story floor.

Paragraph XI of the amended complaint alleges in pertinent part: "Within four months after February 1970, Plaintiff discovered latent defects in the form of a rut at the head of the stairs of the second floor addition. Approximately ten months after the discovery of the first rut, a second rut began to develop in one of the offices on the second floor. Subsequent to 1973, and continuing until the present, new ruts appeared in the hallway, remaining offices and coffee room of the second floor addition. These latent defects were found in the construction of the work performed by Defendant, BROUWER BROTHERS, and designed by Defendant JAMES SHADE. The latent defects were not discoverable by Plaintiff at the completion of the work performed, but have continued to appear and worsen from after February 1970 to present and have resulted in substantial damages to the premises located at 700 Crane, Turlock, California. The latent defects consist of the caving in of the floor of the second story addition causing deep ruts in the second story floor, and have substantially impaired the use and create a present danger in the use of said premises. The Defendants, BROUWER BROTHERS and JAMES SHADE, have at all times failed, refused, and neglected to perform the terms of the contract between the parties hereto in accordance with the terms, plans, and specifications referred to therein, in that Defendants, BROUWER BROTHERS, and JAMES SHADE, so negligently and carelessly designed, constructed and used defective materials in the construction of the second story addition such that the floor of the second story is riddled with deep ruts and is caving in."

Subdivision 1 of Code of Civil Procedure section 337 creates a four-year statute of limitations upon "[a]n action upon any contract, obligation or liability founded upon an instrument in writing, . . ." It has long been the law under this section that a cause of action accrues when the injured party discovers the complained-of defects, at which point the statute begins to run. *(Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 101 [132 Cal.Rptr. 657, 553 P.2d 1129]; *Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 583-584 [12 Cal.Rptr. 257, 360 P.2d 897]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 339, pp. 1180-1181.)

On March 4, 1972, Code of Civil Procedure section 337.15 became effective. It creates a special 10-year statute of limitations for design

and construction of improvements to real property. Specifically, it provides in relevant part: "(a)  No action may be brought to recover damages from any person who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of such development or improvement for any of the following:

"(1)  Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.

"(2)  Injury to property, real or personal, arising out of any such latent deficiency.

"(b)  As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.

".  .  .  .  .  .  .  .  .  .  .  .  .

"(d) Nothing in this section shall be construed as extending the period prescribed by the laws of this state for bringing any action."[1]

The issue is whether section 337 or 337.15 is applicable. In July 1978 the California Supreme Court decided the case of *Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624 [147 Cal.Rptr. 486, 581 P.2d 197]. The court held that section 337.15 is an "ordinary, procedural statute of limitation" (at p. 641) and construed the relationship of sections 337 and 337.15 to be mutually exclusive, holding the shorter of the two periods applies. The court stated: "With judicial recognition that under some circumstances causes of action for negligence, product liability, or breach of warranty may not arise until discovery, the Legislature has responded by enacting statutes of limitation which require suit be filed within the shorter of two periods, one measured from the date of discovery and a second, longer period measured from the event giving rise to the cause of action. Section 337.15, read together with Code of Civil Procedure sections 337 and 338, enacts such a two-step limitation: actions founded upon a la-

---

[1]In 1967 the Legislature adopted Code of Civil Procedure section 337.1 which creates a four-year period of limitations for patent defects. The language is otherwise identical to that contained in section 337.15. It defines "patent deficiency" as one which is apparent by reasonable inspection.

tent defect in the development of real property must be filed within three or four years of discovery, depending on whether the action rests on breach of warranty or negligence, but in any case within ten years of the date of substantial completion of the improvement." (*Id.,* at pp. 640-641; fn. omitted.)

Following this teaching and assuming section 337.15 may be given partial retroactive effect and that the defects were "latent" appellant was required to bring his action within four years of the discovery of the defects. Appellant alleges discovery of the initial rut in approximately June 1970 and a second and identical rut 10 months later, in April 1971. Thus, as to these discovered defects the four-year statute contained in section 337 ran well before September 1977 when appellant filed his original complaint.

Whether the statute of limitations ran on defects appearing subsequent to April 1971 depends upon whether a reasonable inspection and investigation when the first defects appeared would have led to the discovery of the later appearing defects. If a plaintiff has information of circumstances sufficient to put a reasonable person on inquiry he has the obligation to make such inquiry and investigation. (See *Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at pp. 101-103; *McGee* v. *Weinberg* (1979) 97 Cal.App.3d 798, 803 [159 Cal.Rptr. 86].)

In this case the building had not long been completed when the two identical-type defects in the second story floor appeared. Discovery of those defects so soon after completion of the building, in our opinion, would cause a reasonable person to inquire and investigate. These facts would require the appellant upon the discovery of the initial defects to make reasonable efforts to determine the extent of the deficiencies.

■ However, whether an inspection and further inquiry after discovery of the initial defects would have shown the extent of the deficiencies that subsequently appeared is normally a question of fact. *(Bradler* v. *Craig* (1969) 274 Cal.App.2d 466, 471-472 [79 Cal.Rptr. 401]; *Oakes* v. *McCarthy Co.* (1968) 267 Cal.App.2d 231, 255 [73 Cal.Rptr. 127].) The judicially developed exception to the commencement of the running of the statute of limitations decrees "...that in '[a]ctions based on progressively developing or continuing wrongs where nature, extent or permanence of the harm are difficult to discover' the running of the statute is postponed 'until the time of discovery of (or opportunity to discover) the facts.' [Citation.]" *(Bradler* v. *Craig, supra,* at p. 471.)

■ At the pleading stage, however, the rule is that "'[t]he showing of excuse for late filing must be made in the complaint. Formal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless. The complaint must set forth specifically (1) the facts of the time and manner of discovery; and (2) the circumstances which excuse the failure to have made an earlier discovery.' [Citation.]" (*Id.,* at p. 472.) In the case at bench the allegations of the amended complaint do not meet this test and therefore the complaint is barred on its face.

■ The question arises as to whether the court abused its discretion in failing to permit the appellant another opportunity to amend his complaint. The demurrers to the original complaint were on the ground that the complaint was uncertain in that the date of the discovery of the defects was not alleged. In the points and authorities it was emphasized that the discovery date was important with respect to determining whether the statute of limitations had run. The demurrers were sustained to the original complaint on that ground.

Pleading of the date of discovery was made in the amended complaint and demurrers were again interposed. The sole point of contention in the points and authorities relating to the amended complaint centered on whether Code of Civil Procedure section 337.1 or 337.15 provided the applicable statutory time. The court held 337.1 provided the applicable time period and sustained the demurrers without leave to amend.

None of the parties addressed what is the real deficiency in the complaint: failure to plead the time and manner of discovery of ruts found subsequent to April of 1971 and why the extent of defects in the floor could not have been discovered earlier if reasonable inspection and inquiry had been made. For that reason we believe appellant should be allowed an opportunity to amend his complaint.

The judgment is reversed.

Each party shall bear his own costs on appeal.

Hopper, J., and Fretz, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.