[No. B011450. Second Dist., Div. Four. Dec. 6, 1985.]

WILLIAM HENRY DIECKMANN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
INTERNATIONAL HARVESTER CORPORATION,
Real Party in Interest.

348

COUNSEL

John W. Parker for Petitioner.

No appearance for Respondent.

Harrington, Foxx, Dubrow, Canter & Keene, David H. Canter, Dale B. Goldfarb, Brian L. Goller and Mark W. Flory for Real Party in Interest.

OPINION

**WOODS, P. J.**—By petition for writ of mandate, a plaintiff in a civil action seeks to vacate the granting of a defendant's motion for judgment on the pleadings. The motion was granted due to the absence, in the original complaint, of an allegation that the true names of the fictitiously named defendants were unknown to plaintiff.

The question of first impression raised is whether the failure to comply with the requirement of section 474 of the Code of Civil Procedure,[1] that a plaintiff "must" state in the complaint that the names of fictitiously named defendants are unknown to him, may be cured by amendment after a defendant's true name is substituted in place of one of the fictitiously named defendants. A secondary question presented is whether a defendant waives such a technical pleading defect by failing to raise promptly an objection to the patent omission and by waiting until the period for joining parties pursuant to section 581a has passed.

Analysis of applicable rules of statutory construction and considerations of public policy require the conclusion that sections 473 and 474 permit amendment of the complaint to add the allegation of ignorance required by section 474. The court abused its discretion in granting judgment on the pleadings without allowing plaintiff an opportunity to amend, upon a proper showing, pursuant to section 473.

---

[1] All future statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTS

The critical facts are simple and not in dispute. In January 1980, plaintiff filed a verified, single-count complaint for personal injury against Bobby G. Beatty and Shelton Poultry, Inc., as the driver and owner, respectively, of a "delivery truck." The complaint also listed 15 fictitiously named defendants. The first paragraph of the complaint inartfully alleged "The true names and capacities of the DOE defendants, whether individual, corporate or otherwise, except for SHELTON POULTRY, INC. are sued as fictitious persons." Each defendant caused injury and damage to plaintiff as alleged. The third paragraph of the complaint alleged that plaintiff's December 4, 1979, injury resulted because defendants ". . . did so negligently wantonly and recklessly, [sic] maintain, manufacture, equip, repair, entrust, operate, and control their said vehicle as to cause it to drop a driveshaft which struck, hit, bounced and rolled on the pavement which in turn collided, smashed against and into the vehicle which plaintiff was operating. . . ."

As of April 1980, the named defendants had filed answers to the complaint.

On or about January 29, 1982, plaintiff filed a motion for leave to amend the complaint to substitute real party in interest (hereafter Harvester) for fictitiously named defendant and to add a "second cause of action [against Harvester] for strict liability and tort." The motion was supported by the declaration of plaintiff's counsel stating that at the January 20, 1982, mandatory settlement conference defendant Shelton Poultry for the first time indicated that its defense would be based upon the claim that "the driveshaft of the truck in question shattered." This claim, counsel averred, was never mentioned in depositions or answers to written interrogatories, and plaintiff had no prior notice of this theory of liability against the manufacturer.

The court granted plaintiff's motion, and the unverified first amended complaint was filed and served upon defendant Harvester. It substituted Harvester as a defendant in place of fictitiously named defendant Doe VI. A second count alleging strict products liability against Harvester and the remaining fictitiously named defendants was added. It alleged that the driveshaft of the subject delivery truck injured plaintiff because it was negligently "installed, assembled, designed or manufactured" by Harvester.

Harvester filed its answer to the first amended complaint in May 1982, acknowledging that it had been sued as Doe VI. The answer included a general denial and an affirmative defense that "The plaintiff's cause of action is barred by the provisions of Section 340, Subparagraph 3 of the . . . Code of Civil Procedure." Harvester filed a cross-complaint for indemnity

against the other defendants. It did not demur to the first amended complaint or object to jurisdiction or challenge the absence of an allegation of plaintiff's initial ignorance of its identity. Harvester thereafter actively litigated on the merits.

In September 1983, Harvester amended its cross-complaint to substitute the true name of a fictitiously named cross-defendant.

On the first day of trial, February 1, 1985 (trailing since Dec. 31, 1984), Harvester submitted a written motion for judgment on the pleadings. The motion was based solely on the premise that a new cause of action for strict liability had been added by the first amended complaint, and that the new cause did not relate back to the original complaint so as to avoid the otherwise applicable one-year statute of limitations for personal injury.

During *in limine* argument on the motion, respondent court interjected *sua sponte* that the plaintiff's failure to allege in the original complaint that he was ignorant of the true names and capacities of the fictitiously named defendants could require the granting of the motion.

Respondent granted Harvester's motion, without leave to amend, on the basis of the technical pleading deficiency. Respondent commented that the law is uncertain on this question, but that it felt some penalty must be imposed for the technical defect.

Plaintiff filed the petition for mandate with this court on March 1, 1985, and we issued a temporary stay and the alternative writ.

■■ ■■■ ■■ For the reasons set forth herein, we conclude that petitioner should have been allowed to amend his complaint under section 473, to add the allegation of plaintiff's initial ignorance of the true name[2] of defendant Harvester.

---

[2]It will clarify our discussion to point out that plaintiff's initial knowledge that Harvester was the manufacturer of the truck that lost the driveshaft does not mean that plaintiff knew the "true name" of Harvester in the section 474 sense that plaintiff was required to name Harvester as defendant in the original complaint. As is aptly summarized in *Marasco* v. *Wadsworth* (1978) 21 Cal.3d 82, 88 [145 Cal.Rptr. 843, 578 P.2d 90], quoting *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 205 [114 Cal.Rptr. 839]: " 'The phrase "when the plaintiff is ignorant of the name of the defendant" in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed "ignorant of the name" if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations]. . . .' " (Accord *Munoz* v. *Purdy* (1979) 91 Cal.App.3d 942, 946 [154 Cal.Rptr. 472].)

Neither did plaintiff have a duty to investigate, prior to commencement of the action, a causal connection between manufacture by Harvester and the injury by the driveshaft. (*Irving* v. *Carpentier* (1886) 70 Cal. 23 [11 P. 391]; *Munoz* v. *Purdy, supra,* 91 Cal.App.3d 942, 947.)

## DISCUSSION

### I. *The Statutes*

It should be pointed out at the outset that our analysis proceeds in conformity with the strong policy considerations that statutes are to be construed strictly to avoid forfeitures upon technical defects in pleading that do not prejudice opposing parties (*Hernandez* v. *Temple* (1983) 142 Cal.App.3d 286, 290-291 [190 Cal.Rptr. 853]; *Enfantino* v. *Superior Court* (1984) 162 Cal.App.3d 1110, 1113 [208 Cal.Rptr. 829]; *Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 233, 235 [211 Cal.Rptr. 416, 695 P.2d 713]) and that liberal interpretation and amendment of pleadings is strongly favored in this state to allow resolution of actions on the merits in furtherance of substantial justice between the parties. (§§ 452, 475; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600-602 [15 Cal.Rptr. 817, 364 P.2d 681]; *Desny* v. *Wilder* (1956) 46 Cal.2d 715, 751 [299 P.2d 257]; *Blakey* v. *Superior Court* (1984) 153 Cal.App.3d 101, 107 [200 Cal.Rptr. 52]; *Anderson* v. *Brouwer* (1979) 99 Cal.App.3d 176, 182 [160 Cal.Rptr. 65]; *Munoz* v. *Purdy, supra,* 91 Cal.App.3d 942, 946; *Landis* v. *Superior Court* (1965) 232 Cal.App.2d 548, 554 [42 Cal.Rptr. 893].)

### A

With these precepts in mind, we turn to the statute requiring construction.

Section 474 provides, in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

The statutory use of the term "must" presents two possible meanings. First, it could mean that unless the original complaint alleges in the first instance the plaintiff's ignorance of defendants' true names, plaintiff is forever barred from adding such allegation, irrespective of his actual initial ignorance, and is forever barred from benefiting from the effect of section 474 to toll statutes of limitations. Second, section 474 might be construed analogously to section 425.10 (and its predecessor, § 426) as setting forth the requisite pleading allegations necessary to state a triable cause of action and not precluding amendment to cure omissions under section 473 in furtherance of justice.

The paramount rule of statutory construction is that courts should ascertain and effectuate the intent of the Legislature. (*Tripp* v. *Swoap* (1976)

17 Cal.3d 671, 679 [131 Cal.Rptr. 789, 552 P.2d 749]; *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *People* v. *Carroll* (1970) 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400].)
■ The language of a statute should not be literally or strictly construed if such construction will conflict with or frustrate the ascertained legislative purpose and if the language will reasonably permit a construction that effectuates that purpose. (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049]; *Select Base Materials* v. *Board of Equal., supra,* 51 Cal.2d 640, 645.) ■ Statutes requiring forfeitures for technical defects are to be strictly construed to avoid forfeiture. (*Hernandez* v. *Temple, supra,* 142 Cal.App.3d 286, 290-291; *Enfantino* v. *Superior Court, supra,* 162 Cal.App.3d 1110, 1113; *Elston* v. *City of Turlock, supra,* 38 Cal.3d 227, 233, 235.) ■ Terms such as "shall" and "must" are generally presumed to have intended mandatory meaning but may be construed otherwise if indicated by other rules of construction. (*Pulcifer* v. *County of Alameda* (1946) 29 Cal.2d 258, 262 [175 P.2d 1].) ■ Finally, legislative history, comments by commissions that proposed the statute, and interpretative comments by official commissions such as the Code Commission (now the Cal. Law Revision Com.) as to legislative purpose are entitled to significant weight. (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 817 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393] text and fn. 10.)

■ When enacted in 1872, section 474 required an allegation of initial ignorance of the true name of the defendant fictitiously named in the complaint. The predecessor statute, section 69 of the former California Practice Act (Stats. 1851, ch. 5, § 69, p. 60, repealed 1872) did not require the pleading of plaintiff's ignorance of a defendant's true name. It provided: "When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is discovered, the pleading may be amended accordingly."

Practice Act section 69 was construed to serve the general intent that: "This ignorance of the name must, of course, be real, and not feigned; . . ." (*Rosencrantz* v. *Rogers* (1871) 40 Cal. 489, 490-491.) In *Rosencrantz,* plaintiff sued for partition of land and included certain fictitiously named defendants in the complaint. Upon the motion of these defendants to strike the complaint on the ground plaintiff had actual knowledge of their true names, dismissal was ordered. It was held on appeal that because defendants had openly and continuously occupied the subject land for 13 years before plaintiff's action, and because plaintiff's attorney had already been engaged in litigating title to that land, plaintiff could not have been ignorant of the true names of the dismissed defendants.

The significance of the requirement of an allegation of ignorance of true names in section 474, is stated in the Code Commission note to the statute: "The words 'he must state that fact in the complaint,' are added to the original section [presumably former Practice Act section 69, *supra*], so that it may appear upon the face of the proceedings that the name is a fictitious one. See generally, Rosencrantz v. Rogers, 40 Cal. p. 491; Morgan v. Thrift 2 Cal., p. 562." (15 West's Ann. Code Civ. Proc. (1979 ed.) § 474, p. 411; Deering's Ann. Code Civ. Proc. (1972 ed.) § 474, p. 250.)

If the purpose stated in the Code Commission comment is the sole reason underlying the requirement that ignorance be pleaded, then it is apparent that the complaint before us, when liberally interpreted, formally accomplishes that purpose by showing that "Does I through XV" are fictitious names.

The concern expressed in the Code Commission comment, *supra*, emanated from the confusion created under former Practice Act section 69 where plaintiffs could use any fictitious name without indicating its fictitious nature.

In *Rosencrantz* v. *Rogers, supra,* 40 Cal. 491, previously discussed, the complaint named defendants "James Blue, Africanus Black, and Richard Bix" without any statement that these were fictitious names and without any subsequent effort to substitute in defendants' true names. (*Id.*, at p. 492.)

*Morgan* v. *Thrift* (1852) 2 Cal. 562, exemplifies the confusion created when defendants in an action were designated only by fictitious names ("Morgan, John Roe and Richard Roe") on the face of an indemnity bond issued by plaintiffs to obtain an injunction against the defendants. In a later action to enforce the bond obligation, the trial court dismissed because the names on the bond differed from the true names under which the bond obligees sued. The Supreme Court reversed.

In the over 100 years since enactment of section 474 pleading conventions, responding to its dictates, have evolved a nearly uniform practice of stating that "Doe" defendants are fictitiously named. This allegation, as pleaded below, clearly satisfies the purpose of identifying the fictitiously named defendants in a complaint. The complaint need not be amended for the notice purpose of section 474, but amendment would be authorized under section 473 as the addition of an allegation of plaintiff's initial ignorance of true names would merely be to correct a technical defect in form.

The three prior reported cases directly addressing the omission of this allegation have focused upon the general purpose of section 474. These

cases have either ignored the Code Commission comment to section 474 or have overlooked its existence. (*Motor City Sales* v. *Superior Court* (1973) 31 Cal.App.3d 342 [107 Cal.Rptr. 280]; *Stephens* v. *Berry* (1967) 249 Cal.App.2d 474 [57 Cal.Rptr. 505]; *Lipman* v. *Rice* (1963) 213 Cal.App.2d 474 [28 Cal.Rptr. 800].) Having brought our analysis this far, we proceed to construe section 474 to demonstrate that even if this particular pleading requirement were deemed to serve the more fundamental purpose of the statute, a curative amendment would not be precluded.

■ Case law has determined that the purpose of section 474 is to enable a plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant. The statute should be liberally construed to accomplish that purpose. (*Wallis* v. *Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786 [132 Cal.Rptr. 631]; *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, 478.) The determinative question as to the valid use of section 474 should thus be whether the plaintiff's claimed ignorance is real or feigned. (*Lipman* v. *Rice, supra,* 213 Cal.App.2d at p. 478; accord *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, 600, 602-603; *Motor City Sales* v. *Superior Court, supra,* 31 Cal.App.3d 342, 346; *Dabney* v. *Shippey* (1974) 40 Cal.App.3d 990, 993 [115 Cal.Rptr. 526].)

This statutory purpose is aptly analyzed in *Motor City Sales* v. *Superior Court, supra,* 31 Cal.App.3d 342, at page 346, where the court points out: "The requirement of good faith ignorance of the true name of a fictitiously designated defendant is directed at preventing an abuse of the statute, primarily by requiring those whose names and connection with the cause of action are known to be named and served in order that they may properly prepare their defenses. Once the plaintiff's actual good faith ignorance of the defendant's true name is established, the purpose is fully accomplished. Whether such ignorance is expressly or directly alleged in the complaint or indirectly alleged by reference to the statute [citation] would have no effect either upon the purpose of the statute or the rights of the defendant. In either case, the defendant can attack the legitimacy of his being named fictitiously by way of motion to quash, to strike, to set aside a default, or for summary judgment. In short, there is no prejudice to the defendant— the one who is most vitally affected; a contrary result would . . . operate to defeat the purpose of the statute."

We agree with the view expressed in *Motor City* that section 474 is directed toward achieving substantial justice and is thus focused on verifying the plaintiff's actual lack of knowledge.

■ A construction allowing inadvertent omission of the allegation to be cured by amendment of the complaint, upon a proper evidentiary show-

ing of entitlement under section 473, would consistently serve the statutory purpose and achieve substantial justice.

## B

This determination is supported by the application of other principles of statutory construction.

■ Where the same term or phrase is used in a similar manner in two related statutes concerning the same subject, the same meaning should be attributed to the term in both statutes unless countervailing indications require otherwise. (*In re Phyle* (1947) 30 Cal.2d 838, 845 [186 P.2d 134]; *Stillwell* v. *State Bar* (1946) 29 Cal.2d 119, 123 [173 P.2d 313]; *Frediani* v. *Ota* (1963) 215 Cal.App.2d 127, 133 [29 Cal.Rptr. 912].)

■ A corollary rule of construction is that statutes relating to the same subject should be read and considered together in ascertaining the intended overall legislative purpose or scheme. (*In re Petraeus* (1939) 12 Cal.2d 579, 583 [86 P.2d 343].)

■ Comparison of sections 474 and 425.10 (and its predecessor former § 426) under these two rules of construction allows the reasonable conclusion that section 473 authorizes amendments to supply an allegation of plaintiff's initial ignorance of true names under section 474 in the same manner as it is recognized to allow amendment to cure a patent pleading omission under section 425.10 to avoid a statute of limitations bar or failure to state a cause of action.

Sections 425.10 and 474 each control pleading requirements for complaints. Accordingly, these statutes concern related subject matter and interact in the overall statutory pleading scheme.

As already noted, section 474 states that: "When the plaintiff is ignorant of the name of a defendant, he *must* state that fact in the complaint, . . ." (Italics added.)

Section 425.10 states: "A complaint or cross-complaint *shall* contain both of the following: [¶] (a) A statement of the facts constituting the cause of action, in ordinary and concise language. [¶] (b) A demand for judgment for the relief to which the pleader claims he is entitled. . . ." (Italics added.)

Former section 426 (the predecessor of § 425.25 enacted contemporaneously with §§ 474 and 473 in 1872) stated: "The complaint *must* contain: . . . . [¶] 2. A statement of the facts constituting the cause of action, in

ordinary and concise language; [¶] 3. A demand of the relief which the plaintiff claims. . . ." (Italics added.)

Section 473, as of its amendment in 1874, states: "The court *may, in furtherance of justice,* and on such terms as may be proper, allow a party to amend *any pleading* or proceeding by adding or striking out the name or any party, or by correcting a mistake in the name of a party, *or a mistake in any other respect;* . . ." (Italics added.)

■ Because section 474, and former section 426 were enacted in the same legislative session and represent aspects of a systematic approach toward pleading requirements, the parallel use of the term "must" in section 474 and former section 426 (and use of "shall" in § 425.10) should require a similar interpretation of that term unless a contrary legislative intention is clear or required by public policy considerations.

■ The terms "must" and "shall" as used in former section 426 and section 425.10, respectively, have been consistently interpreted, in light of the public policy of liberal amendment to further justice and trial on the merits (derived from § 473), not to mean that a complaint must in the first instance satisfy all its enumerated pleading requirements. Rather, amendments to cure incorrect allegations and to add omitted allegations have always been liberally permitted to the extent that the amendments stay within the same general state of facts and do not prejudice the defendants or add new defendants beyond limitation periods or patently contradict prior allegations that are fatal to the cause of action. (§ 475; *Desny* v. *Wilder, supra,* 46 Cal.2d 715, 751; *Vogel* v. *Thrifty Drug Co.* (1954) 43 Cal.2d 184, 188 [272 P.2d 1]; *Klopstock* v. *Superior Court* (1941) 17 Cal.2d 13, 20-21 [108 P.2d 906, 135 A.L.R. 318]; *Frost* v. *Witter* (1901) 132 Cal. 421, 427 [64 P. 705]; *Robinson* v. *Smith* (1962) 211 Cal.App.2d 473, 480 [27 Cal.Rptr. 536].)

Significantly, such liberality of amendment is recognized to extend to the addition of new facts stating the date and circumstances of late discovery of an injury in order to cure a patent statute of limitations bar in an original complaint. *(Ion Equipment Corp.* v. *Nelson* (1980) 110 Cal.App.3d 868, 880-881 [168 Cal.Rptr. 361]; *Winn* v. *McCulloch Corp.* (1976) 60 Cal.App.3d 663, 672 [131 Cal.Rptr. 597]; *Anderson* v. *Brouwer, supra,* 99 Cal.App.3d 176, 182; *Born* v. *Castle* (1913) 22 Cal.App. 282, 286 [134 P. 347].)

Amendment for this purpose is highly analogous to an amendment alleging plaintiff's initial ignorance of true names. Both additions cure patent pleading omissions with fact allegations of plaintiff's initial ignorance. In

both instances, the amendment has the effect of tolling applicable statutes of limitations that would have run under the allegations in the respective original complaints.

## C

■ The omission to plead initial ignorance of a defendant's true name is not a defect resulting in an absence of personal jurisdiction if defendant was effectively served and appeared in the action. The sole consequence of a determination that plaintiff may not utilize section 474 to effectively substitute Harvester's true name in place of a fictitiously named defendant would be that plaintiff's cause of action would not relate back to the commencement of the action and would be barred by the statute of limitations. (§§ 474 and 1014; 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 446, pp. 490-491; *Armstrong* v. *Superior Court* (1956) 144 Cal.App.2d 420, 423-424 [301 P.2d 51]; *Chitwood* v. *County of Los Angeles* (1971) 14 Cal.App.3d 522, 526, 528 [92 Cal.Rptr. 441]; *Judson* v. *Superior Court* (1942) 21 Cal.2d 11, 13 [129 P.2d 361]; *Brum* v. *Ivins* (1908) 154 Cal. 17, 20 [96 P. 876]; *Contract Engineers, Inc.* v. *California-Doran Heat Treating Co.* (1968) 258 Cal.App.2d 546, 549-550 [65 Cal.Rptr. 776].)

■ Accordingly, the technical pleading omission involved here creates only the same problem as an initial omission to allege a late date of discovery of an injury where the action would otherwise be barred by statute of limitations. As was pointed out above, amendments to add fact allegations showing a late date of discovery are liberally permitted. (*Ion Equipment Corp.* v. *Nelson, supra,* 110 Cal.App.3d at pp. 880-881; *Anderson* v. *Brouwer, supra,* 99 Cal.App.3d at p. 182; *Winn* v. *McCulloch Corp., supra,* 60 Cal.App.3d 663, 672.) We perceive no logical reason why the two sorts of technical omissions should not receive the same liberality of amendability under the broad criterion of section 473.

## D

The allowance of amendment to supply an allegation of original ignorance is analogous in an important sense to allowance of amendment both to substitute the newly discovered true name of a defendant and to allege a new cause of action against that defendant.

In *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, the plaintiff was permitted to amend his complaint pursuant to sections 473 and 474 to substitute the true name of a fictitiously named defendant, and to also add a new cause of action against the defendant that had not been alleged in the original complaint. The *Austin* court reasoned: "A de-

fendant unaware of the suit against him by a fictitious name is in no worse position if, in addition to substituting his true name, the amendment makes other changes in the allegations on the basis of the same general set of facts. . . . When, on the other hand, the problem is approached from the point of view of a plaintiff who did not know the defendant's true name at the time the original complaint was filed, it is obvious that he has at least as great a need for the liberality of amendment permitted by the modern rule as a plaintiff who knew the defendant's name throughout, . . ." (*Austin* v. *Massachusetts Bonding & Insurance Co.*, *supra*, 56 Cal.2d at p. 602.)

Similarly, a defendant sued originally by a fictitious name and later sued by substitution of his true name is in no worse position if the plaintiff, who was actually ignorant of the true name when the complaint was filed, is permitted also to add an omitted allegation of such ignorance.

This reasoning is borne out when applied to the pertinent facts in our case. Harvester was served with the amended complaint and summons designating it by its true name and alleged conduct. It thus had the same notice and opportunity to defend as it would have had the original complaint included the allegation of plaintiff's initial ignorance of its name. There is nothing in the record remotely suggesting any real or perceived prejudice to Harvester if amendment of the complaint is allowed to cure the technical defect. To deny such opportunity to truthfully allege plaintiff's initial ignorance would exalt form over substance to an intolerable extent. ██ "'Rules of pleading are conveniences to promote justice and not to impede or warp it.'" (*Freidberg* v. *Freidberg* (1970) 9 Cal.App.3d 754, 761 [88 Cal.Rptr. 451].)

## II. *The Case Law*

### A

In reaching its decision respondent court relied upon *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, and *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474. Harvester places principle reliance upon these cases in this mandate proceeding. However, as will be shown, both cases are materially distinguishable on their facts. Each rests its holding, denying amendment of section 474 pleading omissions, upon the factual ground that the original complaints involved contained fact allegations demonstrating that the plaintiffs were not ignorant of defendants' true names. Further, later case law and secondary authority has criticized any extension of the *Lipman-Stephens* result to cases where there is no showing that a plaintiff actually knew the true names of defendants when the action was commenced. (*Motor City Sales Co.* v. *Superior Court, supra,* 31 Cal.App.3d at pp. 346-347.)

*Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, involved an original complaint for malicious removal from office and slander. The complaint contained allegations pursuant to section 474 but failed to allege plaintiff's ignorance of the true names of the fictitiously named defendants. The complaint specified the name of Montie Rice and alleged that he acted in concert with the named defendants and fictitiously named defendants in doing the very acts claimed to have injured plaintiff. After the applicable statute of limitations had run, plaintiff amended her complaint to substitute Montie Rice in place of a fictitiously named defendant. Defendant Rice demurred, contending that the original complaint patently demonstrated that plaintiff then knew his true name and injurious conduct and was attempting to use the fictitious defendant statute to circumvent the statute of limitations.

On appeal, it was held that the original complaint failed to conform with the technical requirement of pleading personal ignorance, and that the detailed allegations of the original complaint patently demonstrated that plaintiff in fact knew all facts she needed know to have sued Rice by his true name in the original complaint. Thus, plaintiff could not truthfully add the allegation of initial ignorance.

Similarly, *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474, involved an automobile personal injury action where the original complaint failed to name the driver of the car that rear-ended plaintiff and named only the driver of another car into which the collision pushed plaintiff's car. The holding was simply that the submitted evidentiary facts demonstrated that plaintiff had actual personal knowledge, prior to commencing his action, of the true name and tortious conduct of the driver of the car that struck him and thus could not take advantage of section 474, which is available only to plaintiffs who do not, in fact, have such knowledge.

This precise distinction of *Lipman* and *Stephens* was addressed at length in *Motor City Sales* v. *Superior Court, supra,* 31 Cal.App.3d at pages 346-347.

*Motor City* involved a complaint that did not include any express allegation of plaintiff's ignorance of the true names of the fictitiously named defendants but did state that the fictitiously named defendants were " 'sued herein pursuant to the provisions of Section 474 of the California Code of Civil Procedure.' " (*Id.,* at p. 344.) The *Motor City* court first acknowledged that liberal construction of section 474 is mandated by the California

Constitution, article VI, section 13, and by sections 452 and 475.[3] It then concluded that implicit pleading of facts by reference to statutes that set forth essential criteria satisfies section 474. Suing "pursuant to" section 474 thus allows the liberal interpretation that ignorance of true names was pleaded. Although *Motor City* holding did not require amendment of the complaint, the observations of the *Motor City* court concerning *Lipman* and *Stephens* and the section 474 ignorance requirement are relevant to our problem. *Motor City* states: "In the case at bench, however, it is important to observe that there is no issue as to real party in interest's good faith ignorance of the true name of petitioner; we, therefore, assume the actual ignorance of its name and knowledge of the facts connecting petitioner to the action and treat only the question of pleading. This is precisely the point upon which both *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474, and *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, upon which petitioner relies, are distinguishable. While it is true that both of those cases say that the plaintiff must expressly allege ignorance of the fictitiously named defendant's true name, in each case the plaintiff in fact was not ignorant of the true name of the defendant and therefore could not truthfully so allege; *the language in those opinions regarding the requirement of the allegation of ignorance was therefore subsidiary to the principal ground of the decision, which was that the plaintiff must be in fact ignorant of the defendant's true name.* [Italics added.]

". . . As was said in 1 Chadbourn, California Pleading (1973 pocket part), section 503, at pages 120-121, in referring to *Lipman* v. *Rice* (called *Lipman* v. *Bhend*), 213 Cal.App.2d 474 . . ., and *Stephens* v. *Berry,* 249 Cal.App.2d 474 . . .: 'As an alternate ground of decision, and by way of explaining its refusal to adopt a more liberal view of the allegations of the complaint, the court goes on to observe that there was evidence in the original complaint that plaintiff knew Rice's true name and had sufficient information to name Rice as a party originally.

" 'If the decision in *Lipman* had rested solely on the deficiencies in the "Doe" allegations, it would be of questionable soundness and out of keeping with the liberal attitude generally employed in the construction of plead-

---

[3]Section 475 states: "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error is shown."

ings. But in view of plaintiff's apparent knowledge of both the true name of the defendant in question and of the facts giving rise to a cause of action against that defendant, the result in *Lipman* appears to be correct.

"'In *Stephens* v. *Berry* the plaintiff alleged "That defendants First Doe through Fourth Doe, inclusive, are fictitious names sued herein under Section 474 of the Code of Civil Procedure of the State of California." The court, citing *Lipman* v. *Bhend*, states that plaintiff failed to allege ignorance of the fictitious defendants' true names, as required by section 474 of the Code of Civil Procedure. *Had the decision turned entirely on this point, it would appear hyper-technical.* But here, as in *Lipman*, the court notes that plaintiff knew the true identity of the defendant in question and the facts giving rise to a cause of action against him; hence the result appears proper.' (Fns. omitted; italics added.)" (*Motor City Sales* v. *Superior Court*, supra, 31 Cal.App.3d at pp. 346-347.)

## B

 Implicitly recognizing that *Lipman* and *Stephens* were decided upon facts patently demonstrating that the plaintiff could not have truthfully alleged initial ignorance of the defendant's true name and injurious conduct, real party Harvester devotes most of its return to the alternative writ to arguing that plaintiff here actually had such knowledge when he filed his original complaint because plaintiff stated in his petition that he at all times knew that Harvester was the manufacturer of the delivery truck.

This effort is not persuasive. First, there was no evidence on the record before respondent proving or indicating that plaintiff knew facts giving rise to a products liability action against Harvester. Second, this factual question was not presented to nor ruled upon by respondent. Third, plaintiff's counsel declared under penalty of perjury in support of plaintiff's 1982 motion for leave to amend his complaint that plaintiff's first notice of the potential for products liability against Harvester occurred on January 20, 1982. This declaration is uncontradicted on the record.

Plaintiff's knowledge of the dual facts that Harvester manufactured the truck and that the truck's driveshaft dislodged while the truck was moving does not constitute sufficient cause to have required plaintiff to name Harvester in the original complaint. (*Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 519-521 [41 Cal.Rptr. 895]; *Munoz* v. *Purdy, supra*, 91 Cal.App.3d 942, 945; *Dabney* v. *Shippey, supra*, 40 Cal.App.3d 990, 993.)

Harvester's reliance upon *Scherer* v. *Mark* (1976) 64 Cal.App.3d 834 [135 Cal.Rptr. 90], is misplaced. In *Scherer*, it was found that a medical

malpractice plaintiff had immediate access to her hospital records showing precisely what medication and treatment her admitting physician had prescribed. She could point to no specific additional facts discovered after commencement of the action that justified substituting her treating physician for a fictitiously named defendant on the new theory that he had negligently prescribed medication.

The original complaint herein does not reveal that plaintiff knew anything about the age, mileage, repair record or condition of the truck or whether there had been any replacement of or prior damage to the original driveshaft. ▮ Plaintiff had no duty under section 474 to investigate facts concerning the potential for including a products liability cause prior to filing his complaint. (*Irving* v. *Carpentier, supra,* 70 Cal. 23, 26; *Munoz* v. *Purdy, supra,* 91 Cal.App.3d at p. 947.)

▮ Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants until he has knowledge of sufficient facts to cause a reasonable person to believe liability is probable. The distinction between a suspicion that some cause could exist and a factual basis to believe a cause exists is critical in the operation of section 474. The former is one reason attorneys include general charging allegations against fictitiously named defendants; the latter requires substitution of the defendant's true name. Harvester's present urging that its ostensible liability was always obvious to plaintiff confuses these two standards of knowledge and is based upon hindsight.

Harvester cites *Kerr-McGee Chemical Corp.* v. *Superior Court* (1984) 160 Cal.App.3d 594 [206 Cal.Rptr. 654], as evidencing that section 474 does not permit corrections of technical pleading errors. However, *Kerr-McGee* is materially distinguishable in several respects. Most significant, its holding rests upon the conclusion that the plaintiff did not even attempt to act pursuant to section 474.

The facts recited in *Kerr-McGee* are that plaintiff included no allegations concerning fictitiously named defendants in its original complaint. The first amended complaint filed two years thereafter (after the applicable statute of limitations had run) added the name of a medical clinic and added "appropriate" fictitiously named defendant allegations for 30 "Does" (of which the medical clinic was not one). The amended complaint did *not* omit to allege plaintiff's original ignorance of the true names of the fictitiously named defendants. When Kerr-McGee was eventually added as a defendant in place of the named medical clinic which was not a designated fictitious name, it did not enter a general appearance but immediately appeared specially and asserted the applicable statute of limitations. The *Kerr-McGee*

majority determined that plaintiff had conceded in its argument that it was legally impossible to have substituted Kerr-McGee as a defendant in place of a fictitiously named defendant because Kerr-McGee was purportedly substituted for the defendant medical clinic that had not been designated as a fictitious name in the original or first amended complaints. Since the three-year period under section 583.210 for serving and returning service of summons had run, plaintiff could not amend the complaint again and effectively serve Kerr-McGee in place of fictitiously named defendant.

The crux of the *Kerr-McGee* majority opinion is the statement that: "Cases interpreting this section clearly hold that section 473 does not authorize the addition of a party for the first time whom the plaintiff failed to name in the first instance." (*Id.*, at pp. 598-599.) "[I]t is important to maintain the distinction between correcting an honest error in the name of a correctly named party and joining a new party in the [action] for the first time under the guise of a claim of misnomer." (*Id.*, at pp. 599-600, fn. 3.)[4]

### III

Respondent did not rule upon the issue of whether the amended complaint states a cause against defendant relating to the same general state of facts alleged in the original complaint. It is accordingly not an issue before this court for review. We do point out, however, that the allegations of negligent design and manufacture in the original complaint appear to encompass the same general set of facts as are involved in the new products liability theory against defendant. (*Austin* v. *Massachusetts Bonding & Insurance Co.*, *supra*, 56 Cal.2d 596, 600; *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 203-204 [114 Cal.Rptr. 839].)

### IV

Because of our construction of the statutes involved, we need not address the secondary questions of estoppel and waiver.

---

[4]Neither is *Nissan* v. *Barton* (1970) 4 Cal.App.3d 76 [84 Cal.Rptr. 36], any authority contrary to our holding. *Nissan* involved a plaintiff who wholly failed to employ section 474 relative to a defendant. Plaintiff alleged facts and the true name of the tortfeasor in a second amended complaint but did not designate that person as a defendant in the caption or charging allegations or even attempt to substitute him in place of a fictitiously named defendant. The paragraph in the original and amended complaints concerning fictitiously named defendants were also formally defective for failure to allege original ignorance of true names. *Nissan* based its holding that the default judgment was void upon plaintiff's total failure to name the appellant as a defendant or to even attempt any substitution under section 474 prior to or after entry of judgment. *Nissan* in no manner addressed the significance of a sole formal defect in alleging ignorance of true names of fictitiously named defendants.

We do not conclude that a total omission of *all* allegations under section 474 in the original complaint could be cured by amendment. We hold only that omission of one technical aspect of the section 474 pleading requirements may be cured upon an appropriate showing.

## V

Let a peremptory writ of mandate issue directing respondent to vacate its order of February 4, 1985, in Los Angeles Superior Court case No. EAC 32781, entitled Dieckmann v. Beatty et al., to the extent it granted defendant Harvester's motion for judgment on the pleadings on the basis of the plaintiff's omission to plead initial ignorance of that defendant's identity and injurious conduct, and thereafter proceed according to the views expressed herein. The stay issued by this court shall remain in effect until full compliance by respondent or until this opinion becomes final as to this court.

McClosky, J., and Arguelles, J., concurred.

A petition for a rehearing was denied December 31, 1985, and the petition of real party in interest for review by the Supreme Court was denied February 19, 1986.