[Civ. No. 20469. First Dist., Div. Three. Feb. 28, 1963.]

NATALIE M. LIPMAN, Plaintiff and Appellant, v. MONTIE RICE, Defendant and Respondent.

Barnett & Robertson, Rodney Robertson and Phillip Bar- nett for Plaintiff and Appellant.

William A. Sullivan for Defendant and Respondent.

DEVINE, J.—The problem in this case is that of applicability of the statute of limitations to an amended complaint, as pleaded by a defendant who plaintiff contends was a fictitiously designated party in the first complaint.

On August 26, 1958, plaintiff filed an action for damages against a school district of which she had been superintendent and against several public officials, some of whom were officers of the district, and some not. The complaint charged a malicious course of conduct which was designed to obtain the removal of plaintiff from her position and resulted in impairing her reputation and standing. Demurrer was sustained, without leave to amend, on the ground of sovereign immunity. The ensuing judgment for defendants was affirmed as to the school district, but reversed as to the individual defendants. (*Lipman* v. *Brisbane Elementary School Dist.*, 55 Cal.2d 224 [11 Cal.Rptr. 97, 359 P.2d 465].)

On March 27, 1961, plaintiff filed her first amended complaint, in which she charges that defendants, including Montie Rice, the sole respondent to this appeal, maliciously interfered with her contract with the school district and slandered her. It is stated in this complaint that Rice was designated in the original complaint as John Doe One. Defendant Rice demurred, setting up subdivision 3 of section 340 of the Code of Civil Procedure, the one-year statute, as a bar and pleading, by the demurrer, that the amended complaint and the original complaint show on the face that plaintiff was in fact aware of the true identity of defendant Montie Rice and that the use of the fictitious party statutes was an artifice.

*Noncompliance with Section 474 of*
*the Code of Civil Procedure*

The original complaint, so far as it purports to show the propriety of designating fictitious defendants, reads as follows: "John Doe One to John Doe Twenty are fictitiously designated individuals who reside in the Brisbane area. . . ." (There follow allegations as to what these defendants did.) "Plaintiff prays leave to amend this Complaint and to insert the true names of said fictitiously designated defendants when the same become ascertained."

Section 474 of the Code of Civil Procedure states: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

The allegation in the complaint does not state that plaintiff is ignorant of the name of Montie Rice, who is now sought to be made a named defendant. ■ It is true that there is an allegation that defendants are fictitiously designated, but this, in the absence of allegation that the true names are unknown, is the very vice which the first part of section 474 is intended to prevent. Parties are not to be designated as fictitious unless the plaintiff's ignorance of the true names of such defendants is real and not feigned. (*Herschfelt* v. *Knowles-Raymond Granite Co.*, 130 Cal.App.2d 347 [279 P. 2d 104]; *Mercantile Trust Co.* v. *Stockton Terminal & E.R.R. Co.*, 44 Cal.App. 558 [186 P. 1049].) ■ We realize that in the part of the complaint relating to fictitious parties, plaintiff prays leave to amend to insert the true names of the fictitiously designated defendants when the same become ascertained, but we do not regard this as compliance with section 474 because: (1) It is not an allegation at all but a prayer, although it is contained in the body of the complaint. (2) It does not state that the true name of any defendant is unknown to *plaintiff*, in particular (indeed, it does not state that the true name is unknown to any person), and even indulging in inference that someone presently did not know defendant's true name, the someone might be counsel, not plaintiff herself. The original complaint was signed by counsel, although verified by plaintiff. (3) The same reasoning applies to future ascertaining of true names. Even if this purports

to say that someone has yet to find the true name, it is not stated, as section 474 requires, that *plaintiff* is ignorant of the true name or has yet to ascertain the true name of defendant.

The allegation relating to fictitious names, therefore, simply does not comply with the code section. The purpose of the section is to help a plaintiff who truly does not know the name of someone against whom he states a cause of action, in order to prevent running of the statute of limitations. (*Irving* v. *Carpentier,* 70 Cal. 23 [11 P. 391].) On the other hand, it is important to a defendant that he receive notice of the charge against him, in order to inform himself and to prepare his defense, and for this purpose, among others, the statutes of limitations have been enacted (*Olds* v. *General Acc. Fire etc. Corp.,* 67 Cal.App.2d 812, 817 [155 P.2d 676]) ; and it is plain that similar protection is afforded defendant by the first part of section 474. Appellant seeks the benefit of the statute, namely, tolling of the statute of limitations, without having complied with the requirement of the same statute.

### Knowledge by Plaintiff of Identity of Defendant Designated as Fictitious

 Besides the deficiency stated above, there is evidence in the original complaint that plaintiff actually did know the true name of defendant Montie Rice, and that plaintiff was possessed of so much information about the activities of defendant Rice, as plaintiff now states them in her first amended complaint, as to have made it possible for her to name Rice as a defendant originally. The evidence of actual knowledge by plaintiff of the identity of defendant Rice has two effects. The first effect is that, assuming that a very liberal interpretation of the allegations of the original complaint relating to fictitiously designated parties would allow them to stand for the statement that plaintiff did not know defendant's true name, we believe such an extraordinarily liberal interpretation should not be made in this case. The second effect is another ground for the sustaining of the demurrer and the rendering of the judgment of dismissal, namely, that plaintiff was aware of the identity of defendant Rice at the time of filing the original complaint, and therefore the statute of limitations had run as to said defendant.

Montie Rice is mentioned in the original complaint. There is a charge of conspiracy to induce breach of contract made against named defendants, but not Rice, and against John Doe

One to John Doe Twenty, following which there are specifications of the manner in which defendants carried on the conspiracy, among which is the following: "That during the period March through June of 1958, Trustees Whitson, Galten and Bhend, Principal Montie Rice, and other members of the public herein characterized as defendants John Doe One to John Doe Twenty, met on several occasions in private homes for the purpose of discussing filling the Superintendent's position by a principal as Acting Superintendent of the District just as soon as the Board and the parties so conspiring could effect the discharge or pressure the removal of the plaintiff from her position, or otherwise induce the plaintiff to breach her contract. That said persons in those meetings, including Trustees Whitson, Galten and Bhend, stated that a big party of celebration would be held just as soon as all of them could get rid of Miss Lipman." It will be observed that Montie Rice is named, not as John Doe One whose place she is now supposed to take in the amended complaint, because John Doe One is described as a member of the public other than Whitson, Galten, Bhend, and Rice. It will be observed, too, that in the specification in the above excerpt from the original complaint, Montie Rice is charged with doing exactly the same things as are charged against the named trustees and defendants John Doe One to John Doe Twenty.

There is another reference in the original complaint to Rice, in exhibit C, "Claim for Damages," which had been filed with the school district and which was made a part of the original complaint. It is this: "During the period March to June, 1958, the Board members, acting in the course of their duties, by-passed Natalie Lipman as Superintendent and counselled on numerous occasions with James Tormey and all of said matters should properly have been channeled through Miss Lipman. The aforesaid Board members met officially with Principal Montie Rice for the express purpose of undermining Miss Lipman and to cause her administrative staff to complain about her. Many such meetings were also had with said three Board members, Principal Montie Rice and members of the public. At said meetings, it was suggested by the Board members that when they got rid of Natalie Lipman, Mrs. Rice would take over the Superintendent's job.

"At these various meetings of Board members, Mrs. Rice and the public, written data, challenging questions and statements were prepared for circularization at monthly School Board meetings. These documents were so slanted as to im-

pugne [*sic*] the honesty and integrity of Miss Lipman and to pressure her to resign. At the regular monthly meetings of April, May and June such data was circulated and a great many slanderous statements were made against Miss Lipman by members of the Board and certain members of the public at those meetings, all of which were designed to force her to resign.''

We conclude that it so far appears from the original complaint that Mrs. Rice was considered by plaintiff as a party who had acted adversely to her in the alleged conspiracy that we should hold plaintiff strictly to the terms of section 474 of the Code of Civil Procedure in its requirement that plaintiff allege ignorance of the true name of a defendant; and that the original complaint shows on its face that the identity of defendant Rice was known to plaintiff.

### Effect of the First Appeal

We believe that, possessed as she was of the knowledge of the identity of defendant Rice, appellant cannot be heard to say that section 946 of the Code of Civil Procedure stayed all further proceedings in the superior court from the time the earlier appeal was perfected, and that the statute of limitations was tolled during the pendency of the appeal. That section stays ''all further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein,'' but Montie Rice was not a party to the case at the time of the judgment and her rights and duties were not adjudicated. Had she been made a party defendant and had she demurred, perhaps the demurrer would not have been sustained, because the defense of immunity, raised by the school trustees, might not have been raised by her, or if raised, might not have been given any recognition in the superior court. Moreover, plaintiff was free to bring an independent action against Montie Rice.

It is well established that if a complaint designating certain defendants as fictitiously named does not state a cause of action against such defendants, the statute of limitations is not tolled by the filing of the original complaint; and as to the fictitiously named defendants, the statute commences to run from the date of the alleged wrongful acts. (*Stanley* v. *Kawakami,* 127 Cal.App.2d 277, 278 [278 P.2d 709]; *Sullivan* v. *Wright,* 124 Cal.App.2d 836, 838 [269 P.2d 671]; *Kolodziejski* v. *Hover,* 124 Cal.App.2d 731, 733 [269 P.2d 163]; *Gates* v. *Wendling Nathan Co.,* 27 Cal.App.2d 307 [81

P.2d 173].) The rule must be the same, we believe, where the plaintiff, knowing the identity of a particular person, includes her in the charging allegations of the complaint but does not name the person as a defendant.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 24, 1963.