[Civ. No. 23275.   First Dist., Div. Three.   Mar. 16, 1967.]

EDWARD J. STEPHENS et al., Plaintiffs and Appellants,
v. JAMES BERRY, Defendant and Respondent.

Francis H. Ollerdessen for Plaintiffs and Appellants.

Hagar, Crosby & Rosson and Richard J. Heafey for Defendant and Respondent.

SALSMAN, J.—Plaintiffs appeal from a judgment of the superior court granting the motion of James Berry to strike their complaint. The judgment also ordered that plaintiffs take nothing against Berry.

On August 9, 1962, appellants were involved in a three-car accident in Oakland. L. R. Reynolds, who is named as a defendant in this action, was driving a DeSoto automobile. He had stopped at an intersection and was waiting for traffic to clear before proceeding into the street ahead. Appellant Edward Stephens, driving a Ford station wagon, in which his wife Florence Stephens was riding as a passenger, stopped behind the Reynolds' car. James Berry, driving a Ford Falcon, struck appellants car from behind and pushed their station wagon into the rear of Reynolds' DeSoto.

After the collision the three drivers spoke briefly to each other. Reynolds concluded that his car was not seriously damaged and drove away. Appellant Edward Stephens recognized James Berry as a fellow employee of the Pacific Gas and Electric Company, although before the accident he did not know Berry's name. Stephens and Berry spoke briefly to each other. Before driving away they agreed to meet later in the day at their employer's premises to discuss the accident. They met as agreed. Each gave the other his name, the license number of his vehicle, and his driver's license number. Berry also gave Stephens the name of his insurance carrier and the number of his policy.

In an affidavit filed in these proceedings Berry also asserts that he met appellant Stephens about one week after the accident and asked him about his wife who, appellants allege, was injured in the accident.

In January 1963 appellants retained an attorney. Affidavits and exhibits filed in the superior court and considered by the court at the hearing on Berry's motion to dismiss, show beyond all doubt that appellants' attorney, as well as appellants themselves, knew that Berry was the driver of the Ford Falcon automobile that collided with their vehicle. Appellants' attorney obtained a copy of the police report of the accident. The report accurately described the cars involved in the accident and gave the full name and address of each driver. A diagram attached to the report illustrated the position of each

car on the roadway and by number keyed each vehicle into the text of the report.

Appellants' attorney wrote to Berry's insurance company, and from time to time had discussions with its representatives. Nothing resulted from these negotiations. Accordingly, on July 12, 1963, appellants filed a complaint for damages. Their complaint named Reynolds as a defendant but did not name Berry. Four Does were also named as defendants sued by fictitious names. The complaint alleged in material part that it was Reynolds, driving his DeSoto automobile, who negligently struck appellants from behind, causing their damage and injury.

On November 22, 1963, appellants' attorney amended the complaint. The amendment corrected one error found in the original complaint by alleging that it was a Ford Falcon that struck appellants' station wagon rather than the DeSoto as previously alleged. Error persisted, however, because Reynolds was alleged to be the driver of the Ford Falcon. Berry, who we have seen was the driver of the Falcon, was not named as a party defendant.

On December 21, 1964, a summons and a copy of the complaint were served upon Berry, sued as First Doe. Berry moved to strike the complaint as to him. Before the hearing on that motion, appellants served Berry as Second Doe, and also as the person sued as Reynolds. Appellants then moved to amend their complaint so as to insert the name of Berry as a defendant in place of Reynolds.

Berry's motion to strike and appellants' motion to amend were heard at the same time. Each party submitted numerous affidavits and declarations, together with points and authorities. After submission, the court decided that Berry's motion to strike the complaint as to him should be granted, and appellants' motion to amend the complaint by adding the name of Berry should be denied.

We have reviewed the record and considered the briefs of the parties, as well as the authorities cited by each. We have concluded that the superior court's judgment is correct, and therefore affirm.

The allegation of appellants' amended complaint naming Does by fictitious names is as follows: ''That defendants First Doe through Fourth Doe, inclusive, are fictitious names sued herein under Section 474 of the Code of Civil Procedure of the State of California.''

Code of Civil Procedure section 474 permits a party to be sued by a fictitious name under certain circumstances and reads in relevant part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

The decisive issue here is whether appellants have sufficiently complied with section 474 so as to permit them to serve Berry as a defendant sued by a fictitious name, and to add his name as a party defendant after the statute of limitations has run.

Section 474 contains two mandatory requirements, each of which must be met before the benefits of the statute may be claimed by a plaintiff. The first requirement is that of ignorance of the true name of the defendant. ▮ There are not many instances in the law where absolute ignorance is vital and may serve to advance a litigant's cause, but section 474 contains one. The decided cases have made it clear that a plaintiff's ignorance, to satisfy the statute, must be genuine, that is, real and not feigned. (*Lipman* v. *Rice,* 213 Cal.App.2d 474, 477 [28 Cal.Rptr. 800]; *Herschfelt* v. *Knowles-Raymond etc. Co.,* 130 Cal.App.2d 347 [279 P.2d 104]; *Mercantile Trust Co.* v. *Stockton etc Co.,* 44 Cal.App. 558 [186 P. 1049].) Here the affidavits, declarations and exhibits before the superior court make it perfectly plain that, almost from the very moment of the accident, appellants were aware of the identity of Berry and of the fact that he was the driver of the Ford Falcon that struck their station wagon from behind. Appellants' attorney had the same information long before suit was filed. Thus appellants could not sue Berry by a fictitious name because they knew his real name.

The second requirement of section 474 is that a plaintiff make a clear statement in his pleading that he is ignorant of the true name of the defendant sued by a fictitious name. (See *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, 477-478.) ▮ Appellants do not meet this latter requirement. The allegation of their complaint under which they seek to bring in Berry as a party sued by a fictitious name has been quoted above. The allegation contains no statement that appellants are ignorant of the true names of the defendants sued as First Doe through Fourth Doe and hence the pleading does not meet the demands of the statute.

■ Appellants contend, however, that they have merely misnamed the proper defendant. They argue that they named Reynolds when they meant to name Berry, and that therefore Berry's name may properly be inserted in their pleading because the error was purely clerical. They cite the rule that when, through clerical error, a mistake has been made in stating the correct name of a defendant, the error may be corrected at any time before judgment. (*Thompson* v. *Southern Pacific Co.*, 180 Cal. 730, 734 [183 P. 153]; *Nisbet* v. *Clio Mining Co.*, 2 Cal.App. 436, 441 [83 P. 1007]; *Smith* v. *Pickwick Stages System*, 113 Cal.App. 118, 122 [297 P. 940]; *Mayberry* v. *Coca Cola Bottling Co.*, 244 Cal.App.2d 350 [53 Cal.Rptr. 317]; 2 Witkin, Cal. Procedure, p. 1210; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 688.) We cannot accept these contentions.

Code of Civil Procedure section 473 permits amendment of a pleading by adding or striking out the name of a party, or by correcting a mistake in the name of a party. The cited cases furnish good examples of the scope of the statute where its authority is used to correct a mistake in the name of a party. (*Thompson* v. *Southern Pacific Co.*, *supra*, "Southern Pacific Company" misnamed " Southern Pacific Railroad Company"; *Nisbet* v. *Clio Mining Co.*, *supra*, "Clio Mining Company" sued as "Clio Mill and Mining Company"; *Smith* v. *Pickwick Stages System*, *supra*, "Pickwick Stages System, a corporation" substituted as a defendant in place of "Pickwick Corporation, a corporation.") In each of the above cases misnomer is evident, and amendment to correct clerical error was properly allowed. But, as said in 1 Chadbourn, Grossman & Van Alstyne, California Pleading, section 686: "Amendment to correct an honest mistake in the naming of a party, however, must be sharply distinguished from the question whether the correctly named party is actually being joined in the litigation for the first time under the guise of a claim of misnomer."

■ The general rule is that amendment after the statute of limitations has run is not permitted when the result is to drop one party to the action and add another who up to the time of the amendment was not a party to the proceedings. The general rule is the one applicable to our facts. (*Mayberry* v. *Coca Cola Bottling Co.*, *supra*, 244 Cal.App.2d 350, 353; *Milam* v. *Dickman Constr. Co.*, 229 Cal.App.2d 208, 210 [40 Cal.Rptr. 130]; *Thompson* v. *Palmer Corp.*, 138 Cal.App.2d 387 [291 P.2d 995]; see also 8 A.L.R.2d 166.) Here, Reynolds has been a party to the action from the beginning. He was the

driver of one of the cars involved in the accident out of which appellants' cause of action arose, and conceivably could have had some responsibility for appellants' injuries and damages. Appellants at first correctly alleged that Reynolds was the driver of the DeSoto automobile, but incorrectly alleged that it was the DeSoto that ran into them. But it was not until long after the statute of limitations had run that appellants sought to amend their complaint so as to substitute Berry as a defendant in place of Reynolds. It may be that appellants always intended to sue Berry and not Reynolds, but that is not what they did. They sued Reynolds and asked to substitute Berry only after the statute had run against their claim. The case is not one of misnomer, but rather one of failure to name the right party as a defendant, and the general rule, supported by the authorities cited, must govern.

The judgment is affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.