[Civ. No. 1923. Fifth Dist. Mar. 26, 1973.]

MOTOR CITY SALES, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
LAURIER PROULX, Real Party in Interest.

## COUNSEL

Young, Wooldridge, Paulden, Self & Williams and Michael H. Welty for Petitioner.

No appearance for Respondent.

Lewis & Rouda, Marvin E. Lewis and Michael G. Blum for Real Party in Interest.

## OPINION

**BROWN (G. A.), P. J.**—In this case the court is concerned with the permissible method of pleading a plaintiff's ignorance of the true name of a fictitiously designated defendant under Code of Civil Procedure section 474.

Laurier Proulx, real party in interest, on February 27, 1970, filed an action for personal injuries against several named and fictitiously designated defendants. As to the latter, the complaint states: "Defendant DOES I through XXV, inclusive, are sued herein pursuant to the provisions of Section 474 of the California Code of Civil Procedure."

On October 19, 1972, petitioner, Motor City Sales, was served as Doe XIII. Petitioner filed a timely notice of motion to quash the service of summons and a motion to dismiss pursuant to Code of Civil Procedure section 418.10. The motion was denied. Thereupon petitioner filed this petition in mandate requesting an order commanding the Superior Court of Kern County to issue its order quashing service of summons and dismissing the action as to petitioner. Petitioner argues that the superior court lacked jurisdiction over it because it was not properly designated as a fictitious defendant in the complaint. (*Maier Brewing Co. v. Flora Crane Service, Inc.* (1969) 270 Cal.App.2d 873, 875 [76 Cal.Rptr. 219].)

Code of Civil Procedure section 474 in pertinent part states: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

The single issue before us is whether the statutory requirement that a plaintiff's ignorance of the true name of the defendant must be expressly

stated in the complaint or if that requirement may be satisfied by stating the fictitious defendant is "sued herein pursuant to the provisions of Section 474. . . ."

■ We first note that we are commanded by the Constitution, by statute, and by precedent to follow a liberal rather than a strict rule of construction of pleading and to look to substance rather than to form. (Cal. Const., art. VI, § 13; Code Civ. Proc., §§ 452,[1] 475.)

As was said in *Buxbom* v. *Smith* (1944) 23 Cal.2d 535, at page 542 [145 P.2d 305]: "While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms. [Citations.] Since the enactment of section 452 of the Code of Civil Procedure in 1872, it has been generally recognized that in the construction of a pleading for the purpose of determining its effect, 'its allegations must be liberally construed, with a view to substantial justice between the parties.' [Citations.] No error or defect in a pleading is to be regarded unless it affects substantial rights. [Citation.]" (See *Reed* v. *Norman* (1957) 152 Cal.App. 2d 892, 899 [314 P.2d 204]; *Menefee* v. *Oxnam* (1919) 42 Cal.App. 81, 96 [183 P. 379].)

■ The purpose of the fictitious name statute is to enable the plaintiff to commence an action before it has become barred by the statute of limitations due to plaintiff's ignorance of the identity of the defendant (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 602 [15 Cal.Rptr. 817, 364 P.2d 681]), and the statute should be liberally construed to accomplish that purpose (Code Civ. Proc., § 452; *Austin* v. *Massachusetts Bonding & Insurance Co., supra;* 1 Chadbourn, Cal. Pleading, § 504, p. 478).

Exemplifying a liberal construction of the language of the statute are such cases as *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal. App.2d 133 [30 Cal.Rptr. 650] and *Breceda* v. *Gamsby* (1968) 267 Cal. App.2d 167 [72 Cal.Rptr. 832]. Despite the apparently mandatory terms of the section requiring the plaintiff to be totally ignorant of the true name of the defendant (*Stephens* v. *Berry* (1967) 249 Cal.App.2d 474, 477 [57 Cal.Rptr. 505]; *Lipman* v. *Rice* (1963) 213 Cal.App.2d 474, 478 [28 Cal.Rptr. 800]), the court held in *Johnson, supra,* that the plaintiff may

---

[1]Code of Civil Procedure section 452 provides: "In the construction of a pleading, for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties."

know the true name of the defendant and all the facts giving rise to a possible cause of action against him, but if he is not aware at the outset that those facts give rise to a cause of action against the defendant but discovers this by reason of decision and textual writings subsequent to the commencement of the suit, the fictitious name statute is satisfied. (See also *Breceda* v. *Gamsby, supra,* 267 Cal.App.2d at pp. 174-175.)

In the case at bench, however, it is important to observe that there is no issue as to real party in interest's good faith ignorance of the true name of petitioner; we, therefore, assume the actual ignorance of its name and knowledge of the facts connecting petitioner to the action and treat only the question of pleading. This is precisely the point upon which both *Stephens* v. *Berry, supra,* 249 Cal.App.2d 474, and *Lipman* v. *Rice, supra,* 213 Cal.App.2d 474, upon which petitioner relies, are distinguishable. While it is true that both of those cases say that the plaintiff must expressly allege ignorance of the fictitiously named defendant's true name, in each case the plaintiff in fact was not ignorant of the true name of the defendant and therefore could not truthfully so allege; the language in those opinions regarding the requirement of the allegation of ignorance was therefore subsidiary to the principal ground of the decision, which was that the plaintiff must be in fact ignorant of the defendant's true name.

■  The requirement of good faith ignorance of the true name of a fictitiously designated defendant is directed at preventing an abuse of the statute, primarily by requiring those whose names and connection with the cause of action are known to be named and served in order that they may properly prepare their defenses. Once the plaintiff's actual good faith ignorance of the defendant's true name is established, that purpose is fully accomplished. Whether such ignorance is expressly and directly alleged in the complaint or indirectly alleged by reference to the statute (Code Civ. Proc., § 474) would have no effect either upon the purpose of the statute or the rights of the defendant. In either case, the defendant can attack the legitimacy of his being named fictitiously by way of motion to quash, to strike, to set aside a default, or for summary judgment. In short, there is no prejudice to the defendant—the one who is most vitally affected; a contrary result would exalt form over substance and would operate to defeat the purpose of the statute. As was said in 1 Chadbourn, California Pleading (1973 pocket part), section 503, at pages 120-121, in referring to *Lipman* v. *Rice* (called *Lipman* v. *Bhend*), 213 Cal.App.2d 474 [28 Cal.Rptr. 800], and *Stephens* v. *Berry,* 249 Cal.App.2d 474 [57 Cal.Rptr. 505]: "As an alternate ground of decision, and by way of explaining its refusal to adopt a more liberal view of the allegations of the complaint, the court goes on to observe that there was evidence in the original com-

plaint that plaintiff knew Rice's true name and had sufficient information to name Rice as a party originally.

"If the decision in *Lipman* had rested solely on the deficiencies in the 'Doe' allegations, it would be of questionable soundness and out of keeping with the liberal attitude generally employed in the construction of pleadings. But in view of plaintiff's apparent knowledge of both the true name of the defendant in question and of the facts giving rise to a cause of action against that defendant, the result in *Lipman* appears to be correct.

"In *Stephens* v. *Berry* the plaintiff alleged 'That defendants First Doe through Fourth Doe, inclusive, are fictitious names sued herein under Section 474 of the Code of Civil Procedure of the State of California.' The court, citing *Lipman* v. *Bhend,* states that plaintiff failed to allege ignorance of the fictitious defendants' true names, as required by section 474 of the Code of Civil Procedure. *Had the decision turned entirely on this point, it would appear hyper-technical.* But here, as in *Lipman,* the court notes that plaintiff knew the true identity of the defendant in question and the facts giving rise to a cause of action against him; hence the result appears proper." (Fns. omitted; italics added.)

Code of Civil Procedure section 459 in part states: "In pleading the performance of conditions precedent under a statute . . ., or of a right derived therefrom, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby; . . ."

The real party in interest has alleged that the Doe defendants "are sued herein pursuant to the provisions of Section 474. . . ." Section 474 expressly requires that the plaintiff be ignorant of the name of a fictitiously designated defendant. The words "pursuant to" used in the pleading at bench are synonymous with "according to" or "in conformance to" (see Webster's Third New Internat. Dict. (1959)).

■ An allegation of performance in compliance with the terms of a contract satisfies the statutory requirement "that the party duly performed all the conditions on his part" required to be performed. (Code Civ. Proc., § 457; *Richards* v. *Travelers Ins. Co.* (1891) 89 Cal. 170, 174 [26 P. 762].) ■ We perceive no reason why by an equivalency of reasoning an allegation of acts done "pursuant to," "according to," "in conformance to," or "in compliance with" a certain statute should not satisfy the provisions of Code of Civil Procedure section 459 pertaining to the performance of conditions precedent under a statute. ■ Accordingly, we conclude that the allegation of ignorance of the true name of petitioner required by

Code of Civil Procedure section 474 was properly included in the complaint by the quoted reference to that section.

The writ is denied, and the order to show cause is discharged.

Gargano, J., and Franson, J., concurred.