FILED

MAY 30 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   CC-13-1298-KiLaPa |
| MARIA ELENA DANE, | Bk. No.   2:12-45992-ER |
|         Debtor. | Adv. No.   2:13-01073-ER |
| BMD MANAGEMENT, LLC, | |
|         Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| MARIA ELENA DANE, | |
|         Appellee. | |

Argued and Submitted on May 15, 2014,
at Pasadena, California

Filed - May 30, 2014

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Ernest M. Robles, Bankruptcy Judge, Presiding

Appearances:     S. Michael Kernan, Esq. argued for appellant, BMD
Management, LLC; Stella A. Havkin, Esq. of Havkin &
Shrago argued for appellee, Maria Elena Dane.

Before: KIRSCHER, LATHAM[2] and PAPPAS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1.

[2] Hon. Christopher Latham, Bankruptcy Judge for the Southern
District of California, sitting by designation.

Appellant BMD Management, LLC ("BMD") appeals an order granting the motion of chapter 7[3] debtor, Maria Elena Dane a/k/a Mylene Dane ("Maria") to dismiss with prejudice BMD's complaint under Civil Rule 12(b)(6). We AFFIRM.[4]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A. Prepetition events**

BMD is a California limited liability company that was owned 50/50 by Maria and her former husband, Barry Dane ("Barry"). Maria was BMD's Vice President. BMD was formed in 2003 to own a gym facility known as Train West Hollywood ("Train"). The Danes paid $425,000 for Train. Train was not the usual type of gym with customers paying on a monthly basis; rather, it rented time to personal trainers who brought in their clients to work out. Train's assets included the name of the gym, the goodwill and customers of Train, the gym equipment, the lease of the premises, a checking account and receivables (the "Assets").

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

[4] Maria has moved to strike certain portions of BMD's excerpts of the record, namely documents involving the bankruptcy case of Maria's corporate entity. ER Tabs 23-33. Conversely, BMD has asked us to take judicial notice of these same documents. We generally cannot consider items that were not presented to the bankruptcy court when making its decision. See Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1077 (9th Cir. 1988). In any event, these documents are not relevant to our decision here. Therefore, we GRANT Maria's motion to strike.
In addition, BMD asks that we take judicial notice of a document from the California Secretary of State showing that Maria's LLC has been cancelled and a summary judgment from the state court in BMD's action against Maria's LLC. Because both of these documents post-date the order on appeal and have no bearing on our decision, we will not consider them. Id. As such, BMD's request for judicial notice is DENIED.

The Danes divorced in 2006. Rather than sell Train, the Danes amended BMD's Operating Agreement and continued operating Train through BMD. Maria was to be Train's primary manager, while Barry was in charge of negotiations and daily transactions with the landlord of Train's leased premises.

After discussions for Maria to buy out Barry's share of BMD broke down in the spring/summer of 2008, in December 2008, Maria transferred the Assets of BMD to her newly-formed entity, Maria Elena Dane, LLC ("Dane LLC"), without prior notice to Barry and without paying Barry reasonably equivalent value for his 50% interest. On December 31, 2008, Maria's attorney informed Barry that Maria had created Dane LLC and that her business relationship with Barry "was closed." Specifically, her attorney sent Barry an email stating that Maria had "established a new entity that has exclusive right to possession and has no connection to [Barry] whatsoever." An arbitrator later found that Maria's acts violated BMD's amended Operating Agreement as an improper attempt to dissolve BMD. Around this same time, the landlord terminated Train's lease and served BMD with a thirty-day notice to quit. The landlord later testified that he was not willing to renew Train's lease to BMD or Barry. However, he did negotiate a new lease with Maria who continued to operate Train without interruption, using the Assets and the same customer list.

On January 1, 2009, Maria sent an email to Train customers informing them that she had "dissolved" her "previous business relationship" with Barry and that she was now the "solo owner and manager of the gym." Thereafter, the customers began making payments to Dane LLC.

-3-

Several lawsuits between the parties ensued. Barry first commenced a binding arbitration action against Maria, individually, in January 2009 ("Arbitration Action"). Barry alleged claims for Breach of Contract, Fraud, Negligent Misrepresentation, Common Counts, Conversion and Accounting. Barry alleged that "in or around the summer of 2008," Maria froze him out of BMD and converted BMD's profits and Assets to Dane LLC for her own use, in violation of the amended Operating Agreement. Barry alleged that Maria's act of obtaining a new lease for Train without his knowledge was also a violation. Barry requested damages of $236,000 plus attorney's fees and costs. At some point prior to the arbitration hearing, and for reasons not clear on the record, Barry dismissed his tort and negligence claims against Maria and proceeded only on the Breach of Contract claim. The arbitrator found in favor of Barry. However, since the gym was losing money and Barry was entitled only to profits as an LLC member, he could not establish any damages and was awarded nothing. Maria was ordered to distribute any remaining assets of BMD, including the gym equipment, which the arbitrator found had "little if any real value."

The second lawsuit, filed in May 2009, involved BMD's claims against Dane LLC over the BMD business (the "LLC Action")(BMD, LLC v. Maria Elena Dane, LLC, Case No. BC414409 (Cal. Super. Ct., Cnty of L.A.)). According to the Third Amended Complaint ("TAC") filed in the LLC Action on June 16, 2011, BMD alleged claims against Dane LLC for Violations of the CAL. BUS. & PROF. CODE § 17200 et seq., Conversion, Trespass to Chattels, Misappropriation of Trade Secrets, Trademark Infringement and Declaratory Relief. Maria was

-4-

not named as a defendant to that action.  However, paragraph three of the TAC states:

> Plaintiff is informed and believes, and based thereon alleges, that Maria Elena Dane who is an Officer of Plaintiff BMD Management, LLC, created the company Maria Elena Dane, LLC to hold assets that she illegally and/or improperly transferred to Maria Elena Dane, LLC, <u>which may be the alter ego of Maria Elena Dane</u>(emphasis added).

A third lawsuit was filed by BMD against Maria on September 12, 2012, alleging a single claim for declaratory relief ("Declaratory Relief Action")(<u>BMD Mgmt. LLC v. Dane</u>, Case No. BC492311 (Cal. Super. Ct., Cnty of L.A.)).  In that action, BMD sought to have Maria removed as an officer of BMD.

**B.    Postpetition events**

Maria filed an individual chapter 7 bankruptcy case on October 26, 2012.  Her case was reassigned to Judge Robles on January 18, 2013, because Dane LLC had filed a bankruptcy case which was pending before him.

On February 15, 2013, the bankruptcy court granted BMD's motion for relief from stay to continue the Declaratory Relief Action against Maria in state court.  It also granted BMD relief to continue the LLC Action.

**1.    BMD's first amended complaint**

On March 18, 2013, BMD filed its first amended complaint against Maria ("FAC"), seeking to except its debt from discharge under § 523(a)(2),[5] (a)(4) and (a)(6).  BMD also alleged claims

---

[5] Although not specifically referenced in the FAC, BMD claims that, in addition to a claim under § 523(a)(2)(A), it pled a claim under § 523(a)(2)(B) because Maria's fraud was "committed both orally and in writing."  The bankruptcy court did not address continue...

-5-

for fraudulent conveyance under § 548, for turnover under § 542, declaratory relief, conversion and fraud.[6] The claims were based on the same factual allegation that Maria misappropriated the Assets of BMD and transferred them to Dane LLC. BMD requested damages of no less than $1 million. Attached to the FAC were copies of the December 31 email from Maria's attorney to Barry and the arbitrator's findings in the Arbitration Action.

### 2. Maria's motion to dismiss and BMD's opposition

Maria moved to dismiss the FAC under Civil Rule 12(b)(6). She argued that at no time prior to January 23, 2013 (when BMD had filed its original complaint) had BMD ever sued her for the claims alleged in the FAC, namely fraud, breach of fiduciary duty and conversion, and these claims were now either barred by the statute of limitations or belonged to the chapter 7 trustee. Maria argued that the First, Second, Third and Eighth claims for relief (the § 523(a)(2), (a)(4) and (a)(6) claims, and the stand-alone "fraud" claim) had to be filed by either the summer of 2011 or 2012, based on Barry's undisputed assertion that he discovered the facts constituting the fraud, breach of fiduciary duty and/or conversion in the summer of 2008. The Fourth and Fifth claims for relief (fraudulent conveyance under § 548 and turnover under § 542)

---

[5]...continue
this. We conclude that the FAC failed to plead sufficient facts for a plausible claim under § 523(a)(2)(B). Even if it had, however, this claim would still be subject to the same statute of limitations, which has already expired, as explained below.

[6] BMD later voluntarily dismissed its Seventh claim for conversion on April 23, 2013, so it could pursue it in state court. Therefore, it was not subject to the dismissal order at issue in this appeal.

-6-

arguably belonged solely to the chapter 7 trustee, so Barry lacked standing to assert them. As for the Sixth claim (declaratory relief), Maria argued that BMD had already sued her for this in the Declaratory Relief Action, and the bankruptcy court had terminated the stay so BMD could pursue that claim in state court.

BMD opposed the Motion to Dismiss, contending that Maria's statute of limitations arguments failed for four reasons. First, the LLC Action was filed within months of discovering Maria's conduct, and BMD had alleged that Maria was the alter ego of Dane LLC and faced potential liability. Thus, argued BMD, without citing to any authority, the alter ego allegation rendered the § 523(a) claims against her timely. Alternatively, BMD argued that it could get leave to amend the TAC in the LLC Action to add Maria as a defendant, which would relate back to the original filing date and defeat any statute of limitations attack. Second, claims against fiduciaries for their inequitable conduct could be equitably tolled and not subject to a statute of limitations defense. Third, even if BMD was aware of a fraud-based claim, the statute of limitations did not accrue until Maria had completed the "last overt act," which BMD claimed occurred within the limitations period. Lastly, many of Maria's "individual actions" took place in 2012, some of which had occurred after she filed for bankruptcy.[7]

---

[7] We are not certain what BMD was arguing here, and the bankruptcy court never addressed it in its tentative or final ruling. BMD appears to be claiming that it was also seeking to except from discharge damages caused by Maria's bad acts that occurred in 2012, some of which perhaps occurred after she filed bankruptcy. If so, this is problematic for two reasons. First, continue...

-7-

In addition, BMD argued that it had stated a plausible claim under § 523(a)(2)(A) because Maria obtained BMD's property through her alter ego, Dane LLC, by using false pretenses, which she was able to do solely through her fiduciary role as the officer and manager for BMD running its gym. The FAC had also pled facts for fraudulent concealment, alleging that Maria had concealed from Barry that she was secretly taking the Assets, and a claim for fraudulent business practices, alleging that Maria's practices resulted in injury to BMD. BMD believed it had also alleged a claim under § 523(a)(2)(B), contending that Maria had obtained property through a written statement that was false — i.e., the email to the Train customers. As for BMD's claims under § 523(a)(4) or (a)(6), Maria's argument that BMD and Barry are one and the same had already been rejected by the bankruptcy court in its ruling on the motion for relief from stay and by the state court. Further, BMD and Barry had completely different rights and remedies. Even though Barry could not prove damages in the Arbitration Action, this had no impact on BMD's claims, which could be made for the Assets themselves. Finally, BMD disagreed that only the chapter 7 trustee had standing to bring the Fourth and Fifth claims for fraudulent conveyance and turnover. Attached to BMD's opposition was a request for judicial notice that

---

[7]...continue
the FAC is based entirely on Maria's bad acts in 2008 and January 2009, when she misappropriated and transferred the Assets to Dane LLC and obtained a new lease for Train; it is not based on anything that purportedly happened in 2012. Second, any bad acts Maria committed after filing bankruptcy would not be subject to discharge or barred by the automatic stay, so BMD may pursue those claims in state court.

included copies of the TAC filed in the LLC Action and Maria's answer.

In reply, Maria countered that equitable tolling of the statute of limitations does not apply when the plaintiff has actual notice of the defendant's conduct giving rise to the claim. Here, it was undisputed that Maria gave notice to Barry, BMD's only other member, of her intent to freeze him out of the business on December 31, 2008. Further, argued Maria, Barry had already sued her for this conduct, alleging claims for fraud, breach of fiduciary duty and conversion, yet he dismissed them prior to the binding arbitration. Maria also disputed BMD's "last overt act" argument to toll the applicable deadlines, contending that in the cases cited by BMD, the court only applied the doctrine where the defendant concealed the wrongdoing. Here, Maria concealed nothing. Finally, Maria argued that BMD's allegation in the LLC Action that it may have an alter ego claim against her was insufficient to overcome the statute of limitations problem.

**3.    The bankruptcy court's ruling on the Motion to Dismiss**

A hearing on Maria's Motion to Dismiss was held on May 7, 2013. After announcing its tentative ruling and hearing argument from BMD, the bankruptcy court decided to take the matter under advisement so that it could review and consider two unbriefed cases BMD's counsel raised regarding alter ego claims in California.

In the bankruptcy court's tentative ruling, which it ultimately incorporated into its final ruling, it dismissed the First through Fifth claims and the Eighth claim, but denied

dismissal of the Sixth claim for declaratory relief.[8] The court dismissed with prejudice the First, Second, Third and Eighth claims for relief as barred by the statute of limitations. It reasoned that the debt underlying these § 523 claims was based on the same factual allegation that Maria had misappropriated BMD's Assets and transferred them to Dane LLC. Because Barry, BMD's only other member, admitted that he was aware of Maria's acts to freeze him out of the business in the summer of 2008, his fraud or conversion claims should have been filed within three years, by 2011; his breach of fiduciary duty claim should have been filed within four years, by 2012. The court further determined that the TAC in the LLC Action had not asserted a proper alter ego claim against Maria, and thus did not defeat her statute of limitations defense. Moreover, the statutes of limitations were not equitably tolled, as that doctrine applied only where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant was tricked by the defendant into allowing the filing deadline to pass. Here, while BMD had pursued its claims against Dane LLC, it had not initiated any proceeding against Maria prior to the expiration of the statutes of limitations. Further, nothing in the record indicated that this failure was due to any misconduct by Maria. Finally, the bankruptcy court rejected BMD's contention that its breach of fiduciary duty claim did not accrue during the time the fiduciary duty continued to exist, noting that California courts have recognized a postponement of the accrual only "until

---

[8] BMD had already dismissed the Seventh claim for conversion by the time of the hearing on May 7, 2013.

-10-

the beneficiary has knowledge or notice of the act constituting a breach of fidelity," citing U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586, 595 (1970).  Here, Barry had knowledge of Maria's acts in 2008, but BMD did not file an action against her until 2013.  The bankruptcy court also dismissed with prejudice BMD's Fourth and Fifth claims for fraudulent conveyance and turnover, as such claims belonged exclusively to the chapter 7 trustee.[9]

On May 20, 2013, BMD voluntarily dismissed its Sixth claim for declaratory relief so that it could pursue that claim in state court.

On June 3, 2013, the bankruptcy court entered its Amended Memorandum Decision and Order granting the Motion to Dismiss in part and denying it in part ("Dismissal Order").[10]  Finding the authority raised by BMD regarding statute of limitations issues in cases presenting alter ego claims "inapposite," the bankruptcy court determined that BMD's fraud, breach of fiduciary duty and/or conversion claims were not "saved" by the alleged alter ego claim in the LLC Action.  The court again found that no alter ego claim was pending against Maria in that action.  Alternatively, even if Dane LLC and Maria were viewed as one and the same under an alter ego theory, the court reasoned that the filing of the LLC Action

[9] Both parties filed post-hearing briefing.  In its later-issued memorandum decision, the bankruptcy court stated that it had rejected the parties' briefs because no post-hearing briefing was ordered or authorized.  Although BMD has included these documents in the record, we did not consider them.

[10] When the court denied the Motion to Dismiss in part, it apparently was not aware of BMD's voluntary dismissal of the Sixth claim for declaratory relief filed a few weeks earlier.

-11-

did not stop the statute of limitations from running against Maria with respect to any fraud, breach of fiduciary duty and/or conversion claims — claims which were not pled in the LLC Action.

The bankruptcy court entered an order dismissing BMD's adversary proceeding with prejudice on June 7, 2013. The order stated that only the Fourth and Fifth claims for relief were dismissed with prejudice, despite the bankruptcy court's prior Dismissal Order (in the tentative ruling portion attached) which stated that the First, Second, Third and Eighth claims for relief were also dismissed with prejudice. The adversary proceeding was closed on June 25, 2013.

**4.    Post-ruling events**

Apparently confused by the court's multiple orders and docket entry closing the adversary proceeding, BMD filed an untimely appeal of the Dismissal Order on June 26, 2013. On June 27, 2013, BMD moved to extend the appeal time or, in the alternative, to amend the FAC based on excusable neglect. On September 5, 2013, the bankruptcy court entered a memorandum decision and order denying BMD's request for leave to amend the FAC, but granting its motion to extend retroactively the time to file a notice of appeal pursuant to Rule 8002(c) and to reopen the adversary proceeding due to the pending appeal.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Did the bankruptcy court err in dismissing the FAC under Civil Rule 12(b)(6)?

-12-

2. Did the bankruptcy court abuse its discretion in dismissing the FAC without leave to amend?

## IV. STANDARDS OF REVIEW

The bankruptcy court's dismissal of an adversary proceeding for failure to state a claim under Civil Rule 12(b)(6) is reviewed de novo. Barnes v. Belice (In re Belice), 461 B.R. 564, 572 (9th Cir. BAP 2011). A dismissal without leave to amend is reviewed for abuse of discretion. Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004)(citation omitted). However, it is not error for the trial court to deny leave to amend where the amendment would be futile. Id. (citing Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991)).

## V. DISCUSSION

**A. Civil Rule 12(b)(6) standards**

Under Civil Rule 12(b)(6), made applicable in adversary proceedings through Rule 7012, a bankruptcy court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." In reviewing a Civil Rule 12(b)(6) motion, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. Newcal Indus., Inc. v. Ikon Office Solutions, 513 F.3d 1038, 1043 n.2

-13-

(9th Cir. 2008). However, the trial court need not accept as true conclusory allegations or legal characterizations cast in the form of factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.), 536 F.3d 1049, 1055 (9th Cir. 2008)(court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). Moreover, we do not ignore affirmative defenses to a claim; if the allegations show that relief is barred as a matter of law, the complaint is subject to dismissal. Jones v. Bock, 549 U.S. 199, 215 (2007)(dismissal is appropriate under Civil Rule 12(b)(6) if the allegations show that relief is barred by the applicable statute of limitations).

To avoid dismissal under Civil Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Twombly, 550 U.S. at 570). It is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on either the lack of a cognizable legal theory, or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1121 (9th Cir. 2008).

**B. The bankruptcy court did not err in dismissing the FAC.**

BMD raises a variety of arguments to demonstrate why the Dismissal Order should be reversed. For the most part, BMD simply reasserts the same arguments it raised before the bankruptcy court as opposed to articulating how the court erred. Notably, BMD does

-14-

not dispute the bankruptcy court's ruling that the Fourth and Fifth claims for relief were dismissed due to BMD's lack of standing. Therefore, we AFFIRM the Dismissal Order with respect to those claims. See Wake v. Sedona Inst. (In re Sedona Inst.), 220 B.R. 74, 76 (9th Cir. 1998)(an issue not briefed is deemed waived). As for the remaining First, Second, Third and Eighth claims for relief, we address each of BMD's arguments in turn.

Two distinct issues exist concerning the statute of limitations in a nondischargeability proceeding. First, the establishment of the debt is governed by the applicable state statute of limitations law, which, in this case, is California. Banks v. Gill Distrib. Ctrs., Inc., 263 F.3d 862, 868 (9th Cir. 2001)(citation omitted). If the suit is not brought within the time period allotted under state law, the debt cannot be established. Second, the question of dischargeability of the debt is a distinct issue governed solely by the limitations periods established by bankruptcy law, in particular, Rule 4007. Id. Only the first prong is at issue here.

BMD's First and Eighth claims for relief assert nondischargeability of a debt due to Maria's alleged fraud. Under CAL. CODE CIV. PROC. § 338(d), fraud actions must be brought within three years and "[t]he cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Thus, the "discovery" rule applies to fraud actions. BMD's Second claim for relief asserts a claim for Maria's alleged breach of fiduciary duty under § 523(a)(4). Breach of fiduciary duty claims are governed by CAL. CODE CIV. PROC. § 343 and are subject to a

-15-

four-year statute of limitations.  See David Welch Co. v. Erskine & Tulley, 203 Cal.App.3d 884, 893 (1988).  Finally, BMD's Third claim for relief asserts a claim under § 523(a)(6) for "fraudulent conveyance - actual intent."  However, the facts alleged suggest a conversion claim.  A claim for conversion is governed by CAL. CODE CIV. PROC. § 338 and is subject to a three-year statute of limitations.  See Minsky v. City of L.A., 11 Cal.3d 113, 120 n.6 (1974).  Notably, BMD dismissed its conversion claim — its Seventh claim for relief — prior to the bankruptcy court's ruling on the Motion to Dismiss.  However, even if the Third claim were a claim for actual fraudulent transfer, in this case the statute of limitations is four years.[11]

BMD first contends the bankruptcy court misapplied the rule that all factual allegations in the complaint are to be accepted as true for purposes of reviewing a motion to dismiss under Civil Rule 12(b)(6).  Specifically, BMD contends that it had alleged in the TAC in the LLC Action that Dane LLC is the alter ego of Maria.  Therefore, the bankruptcy court had to accept this fact as true.  The only reference within the TAC as to any alter ego claim against Maria is in paragraph three, which states that "Maria Elena Dane, LLC may be the alter ego of Maria Elena Dane."  This statement is not a "fact" but rather a legal characterization cast in the form of a factual allegation.  Twombly, 550 U.S. at 555-56.

[11] CAL. CIV. CODE § 3439.09 provides that no action may be brought for fraudulent transfer more than seven (7) years after the transfer was made notwithstanding any other provision of law. Where actual intent to defraud can be shown under § 3439.04(a)(1), an action must be brought within four years after the transfer was made, or, if later, within one year of when the transfer was or could reasonably have been discovered by the claimant.

-16-

As such, the bankruptcy court did not have to accept it as true.

BMD next contends the bankruptcy court erred in determining that its alter ego allegation in the LLC Action was insufficient to save its claims from Maria's statute of limitations defense. In short, BMD argues that because it filed the LLC Action within months after Maria transferred BMD's Assets to Dane LLC, and because BMD alleged an alter ego claim in that action, the claims in the nondischargeability action were not barred by the statute of limitations.

Under California law, "there is no such thing as a substantive alter ego claim . . . ." Ahcom, Ltd. v. Smeding, 623 F.3d 1248, 1251 (9th Cir. 2010). A claim against a defendant, based on the alter ego theory, is not itself a claim for substantive relief, e.g., breach of contract or to set aside a fraudulent conveyance. Hennessey's Tavern, Inc. v. Am. Air Filter Co., 204 Cal.App.3d 1351, 1359 (1988). Rather, it is a procedural device by which courts will disregard the corporate entity in order to hold the alter ego individual liable on the obligations of the corporation. Id. Before the doctrine may be invoked, two elements must be alleged: (1) there is such unity of interest and ownership that the separate personalities of the individual and the corporation no longer exist; and (2) that, if the acts in question are treated as those of the corporation alone, an inequitable result will follow. Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1115 (C.D. Cal. 2003); Sonora Diamond Corp. v. Super. Ct., 83 Cal.App.4th 523, 538 (2000). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the

-17-

elements of alter ego liability, as well as facts supporting each." Neilson, 290 F.Supp.2d at 1116 (citations omitted); Hokama v. E.F. Hutton & Co., Inc., 566 F.Supp. 636, 647 (C.D. Cal. 1983) ("Defendants further argue that plaintiffs cannot circumvent the requirements for secondary liability by blandly alleging that Madgett, Consolidated, and Frane are 'alter egos' of other defendants accused of committing primary violations. This point is well taken . . . . If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient."). See also Leek v. Cooper, 194 Cal.App.4th 399, 414-15 (2011)(recognizing split in California authority as to whether alter ego doctrine must be pleaded in the complaint, but holding that when the court is asked to take some action upon an alter ego theory at the pleadings stage, plaintiff must allege facts to show a unity of interest and ownership and an unjust result if the corporation is treated as the sole actor)(citations omitted).

The TAC filed in the LLC Action contains only one conclusory allegation that Maria may be the alter ego of Dane LLC. It fails to allege any facts establishing either one of the two elements necessary to invoke the doctrine. While the TAC asserts facts that establish Maria as the sole owner of Dane LLC and of her participation in transferring BMD's Assets to Dane LLC, it does not assert any allegation as to how, when or why the separateness between Maria and Dane LLC ceased to exist, or why the corporate entity should be disregarded. More importantly, the TAC does not allege that fraud or injustice will result if Maria is not a party

-18-

to the LLC Action. "The allegation that a corporation is the alter ego of the individual stockholders is insufficient to justify the court in disregarding the corporate entity in the absence of allegations of facts from which it appears that justice cannot otherwise be accomplished." Meadows v. Emett & Chandler, 99 Cal.App.2d 496, 498-99 (1950)(quoting Norins Realty Co. v. Consol. Abstract & Title Guar. Co., 80 Cal.App.2d 879, 883 (1947)). In order to rely on the theory of alter ego "it must be alleged and proved that the stockholders and the corporate entity are the business conduits and alter ego of one another, and that to recognize their separate entities would aid the consummation of a wrong." Id. at 499 ("The rule is firmly settled that no reliance can be had on this [alter ego] theory in the absence of pleading that recognition of the corporate entity would sanction a fraud or promote injustice.")(emphasis in original). We conclude that the elements of alter ego were not sufficiently pled in the TAC, and so we agree with the bankruptcy court that no alter ego claim is pending against Maria in the LLC Action.

Because the TAC did not establish an alter ego claim against Maria, it would have to be amended a fourth time to add her as a new defendant. "When a defendant is first named in an amended complaint, and is alleged to be the alter ego of a defendant named in the original complaint, he is brought into the action as a new defendant and the action is commenced as to him at the time the amended complaint naming him is filed." Hennessey's Tavern, Inc., 204 Cal.App.3d at 1359. As a general rule, "an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is

-19-

applied as of the date the amended complaint is filed, not the date the original complaint is filed." <u>Woo v. Super. Ct.</u>, 75 Cal.App.4th 169, 176 (1999)(string citations omitted). Further, an "amendment after the statute of limitations has run will not be permitted when the result is the addition of a party who, up to the time of the proposed amendment, was neither a named nor a fictitiously designated party to the proceeding." <u>Ingram v. Super. Ct.</u>, 98 Cal.App.3d 483, 492 (1979)(citing <u>Stephens v. Berry</u>, 249 Cal.App.2d 474, 478 (1967)). Presuming BMD could even amend the TAC at this point to add Maria, the result is the same — the statutes of limitations for claims of fraud, breach of fiduciary duty, conversion or actual fraudulent transfer have run.

While California law allows a plaintiff to bring an action against an alter ego defendant after the statute of limitations has expired in certain circumstances, such as after a judgment has been entered, that situation is not applicable here. <u>See</u> CAL. CODE CIV. PROC. § 187 (judgment creditor may be able to amend the judgment to add non-party alter ego defendant as a judgment debtor and enforce the judgment against that debtor); <u>Most Worshipful Sons of Light Grand Lodge Ancient Free and Accepted Masons v. Sons of Light Lodge No. 9</u>, 160 Cal.App.2d 560, 546-67, 569 (1958). First, no judgment has been entered in the LLC Action. Second, BMD could never add Maria as an alter ego defendant after judgment because it was aware of Maria's existence before trial. <u>Jines v. Abarbanel</u>, 77 Cal.App.3d 702, 717 (1978)(holding that trial court erred by amending judgment against a doctor to add his corporation as a judgment debtor because plaintiff was aware of corporation's existence before trial). Thus, BMD did not preserve any

-20-

post-judgment right under CAL. CODE CIV. PROC. § 187 to add her as an alter ego defendant.

We disagree with BMD that it could amend the TAC in the LLC Action to add Maria as a "Doe" defendant to overcome the statute of limitations problem. Under CAL. CODE CIV. PROC. § 474, "an amended complaint substituting a new defendant for a fictitious Doe defendant filed after the statute of limitations has expired is deemed filed as of the date the original complaint was filed." Woo, 75 Cal.App.4th at 176 (citing Austin v. Mass. Bonding & Ins. Co., 56 Cal.2d 596, 599 (1961)). However, this exception to the general rule has a caveat — the plaintiff must have been genuinely ignorant of the Doe defendant's identity at the time it filed its original complaint. Id. at 177 (citations omitted). BMD was well aware of its potential claims against Maria when it filed its original complaint in the LLC Action in 2009, yet it chose not to pursue them. As such, CAL. CODE CIV. PROC. § 474 would not apply.

BMD alternatively argues that the statutes of limitations should be equitably tolled because of Maria's alleged self-dealing as a corporate fiduciary. It further argues that Maria's "continuous wrongs" or "last overt act," some of which BMD contends occurred within the statute of limitations, prevents her from raising any statute of limitations defense. In actions where the federal court borrows the state statute of limitation, the court also borrows all applicable provisions for tolling the limitations period found under state law. Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

Without question, Maria owed a fiduciary duty to Barry as a

-21-

co-member of BMD. BMD cites to U.S. Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal.3d 586 (1970), for the proposition that no claim accrues during the time the fiduciary relationship continues to exist. BMD contends that Maria breached and continues to breach her fiduciary duty to BMD because she has usurped corporate opportunities and taken corporate assets as her own. BMD has several problems here. First, as recognized by the bankruptcy court, the California Supreme Court in Haidinger-Hayes, Inc. noted that accrual of a cause of action involving a fiduciary is only postponed "until the beneficiary has knowledge or notice of the act constituting a breach of fidelity." Id. at 596 (string citing cases). Here, Barry was on actual notice of Maria's subject actions in 2008 and January 2009. In addition, the facts alleged in the FAC speak only of Maria's acts of misappropriating BMD's Assets and transferring them to Dane LLC in December 2008, her obtaining a lease from the landlord around that same time, and her email to the trainers on January 1, 2009. Although BMD alleged in its opposition to the Motion to Dismiss that Maria had engaged in "multiple diversions of money," no facts about these alleged diversions were specifically pled in the FAC. A plaintiff's memorandum in opposition to a Civil Rule 12(b)(6) motion cannot serve to supplement or amend the complaint. See Gomez v. Ill. State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Finally, equitable tolling would not apply here because BMD did not actively pursue the claims at issue against Maria within the statutory period, and nothing in the record shows that BMD's delay in suing her was due to her misconduct. See O'Donnell v. Vencor Inc., 465 F.3d 1063, 1068 (9th Cir. 2006).

-22-

Accordingly, because the FAC failed to establish plausible claims for relief under § 523(a), the bankruptcy court did not err in granting the Motion to Dismiss.

**C.    The bankruptcy court did not abuse its discretion in dismissing the FAC without leave to amend.**

Under Civil Rule 15(a)(2), applicable here by Rule 7015, BMD could amend its FAC only with Maria's consent, or with the bankruptcy court's leave.  BMD contends that leave should have been given in this case, particularly since BMD voluntarily dismissed two causes of action, which the bankruptcy court intimated would have "saved" the FAC.  We assume BMD means its Sixth and Seventh claims for declaratory relief and conversion, but BMD does not show where the bankruptcy court "intimated" that these claims would have saved the FAC.  Actually, the Seventh claim was dismissed before the bankruptcy court could even rule on it and, for whatever reason, BMD chose to dismiss the Sixth claim after the bankruptcy court issued its tentative ruling.  BMD contends that it should have, at minimum, been permitted to reinstate its Sixth claim, which it argues the bankruptcy court found had merit.

BMD did not ask for an opportunity to amend the FAC until after the adversary proceeding had been dismissed with prejudice and the appeal of the Dismissal Order had been filed.  The bankruptcy court denied that request for two reasons, as explained in its August 20 tentative ruling, which it incorporated into its final memorandum and order entered on September 5, 2013.  First, BMD had already amended its complaint once, and it failed to demonstrate entitlement for leave to file a second amendment.

-23-

Although the court did not articulate why BMD had failed to show that leave was warranted under Civil Rule 15, we infer from the record that its decision was based on BMD's inability to remedy the statute of limitations problem. The trial court does not err in denying leave to amend where the amendment would be futile. Thinket Ink Info. Res., Inc., 368 F.3d at 1061. Second, the court found that it made little sense to consider a request to amend when BMD had already filed its notice of appeal (albeit, untimely, but not yet dismissed) of the Dismissal Order. We discern no abuse of discretion in that ruling. In addition, we find BMD's argument that the bankruptcy court abused its discretion by not allowing BMD to reinstate its Sixth claim without merit, when BMD consciously chose to dismiss that claim to pursue it in state court.

**VI. CONCLUSION**

For the foregoing reasons, we AFFIRM.

-24-